**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DON CORNELIUS DIXON,

    Defendant-Appellant.

No. 05-6279

(D.C. No. CR-05-30-L)
(W. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Defendant Don Cornelius Dixon pled guilty to four drug-related crimes and was sentenced to a total term of imprisonment of 204 months. Dixon now appeals his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence, arguing it is excessive and unreasonable in terms of its length, and asserting that the district court failed to adequately articulate its reasons for selecting the sentence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

On January 26, 2005, Dixon was charged by criminal complaint with one count of knowingly and intentionally distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). On February 16, 2005, a federal grand jury indicted Dixon on four criminal counts. Count 1 of the indictment charged Dixon with knowingly and intentionally using a telephone to facilitate the distribution of cocaine base, in violation of 21 U.S.C. § 843(b). Counts 2 through 4 charged Dixon with knowingly and intentionally distributing differing amounts of cocaine base on three separate occasions: 7.42 grams on July 8, 2004; 12.1 grams on July 15, 2004; and 4.7 grams on July 20, 2004. Dixon pled guilty to all four counts of the indictment on April 12, 2005.

A presentence investigation report (PSR) was subsequently prepared. The PSR concluded, in pertinent part, that Dixon should "conservatively [be] held accountable for 750 ounces or 21,262.50 grams of cocaine base," ROA, Vol. 3 at 6, and that his base offense level should therefore be 38. Id. at 7. Dixon objected to these portions of the PSR, arguing that he should be sentenced in accordance with the drug quantities contained in the indictment and to which he pled guilty.

The district court addressed Dixon's objections to the PSR at a sentencing hearing conducted on August 16, 2005. During the hearing, the government presented two

-2-

witnesses, Richard Marshall and Kendra Chappell, both of whom testified about their drug dealings with Dixon. The district court expressly found the testimony of these two witnesses credible and, based on their testimony, found that the amount of crack cocaine attributable to Dixon was, conservatively, "somewhere between . . . 500 grams and . . . 1.5 kilos . . . ." ROA, Vol. 2 at 76. In turn, the district court determined Dixon's base offense level to be 36, resulting in a guideline range of 188 to 235 months. Id. Dixon's counsel urged the district court to impose a sentence at the bottom of this guideline range. Id. at 80. In contrast, the government argued that, because Dixon was proven to be "a very substantial drug dealer in the Chickasha area and elsewhere," the district court should "not impose a sentence at the bottom of the guidelines." Id. at 79. Ultimately, the district court imposed a sentence of 204 months.

II.

In his appeal, Dixon challenges his sentence "as excessive and unreasonable." Aplt. Br. at 9. In support of this challenge, Dixon argues "that had the district court adequately considered the section 3553 factors, a sentence of imprisonment of 188 months, the lower end of his guideline range, would have been sufficient." Id. at 12-13. According to Dixon, "a sentence of 188 months imprisonment would have been sufficient to provide [him] with much needed educational and substance abuse care." Id. at 13.

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the mandatory application of the federal sentencing guidelines to judicially-found facts (other than the existence of a prior conviction) violates the Sixth Amendment. 125 S.Ct. at 749-

50. To remedy this problem, "the Court excised the provision of the federal sentencing statute that made the Guidelines mandatory, 28 U.S.C. § 3553(b)(1), effectively making the Guidelines advisory." United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006). "The Court also excised 28 U.S.C. § 3742(e), which set forth the standard of review on appeal, and held that the proper standard of review for sentences imposed post-Booker is 'reasonableness.'" Id. (citing Booker, 125 S.Ct. at 764-66).

We recently "delineate[d] the contours of this newly pronounced standard of review" in Kristl. To begin with, we noted that "[r]easonableness review is guided by the factors set forth in 18 U.S.C. § 3553(a) . . . ." Id. Among those factors, we emphasized, are "the now-advisory Guidelines," "which means that district courts 'must consult those Guidelines and take them into account when sentencing.'" Id. (quoting Booker, 125 S.Ct. at 767). Because the purpose of the Guidelines is to promote uniformity in sentencing, we held in Kristl "that a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." Id. at 1054. In other words, "if we determine under the appropriate standard of review that the district court correctly determined the relevant Guidelines range, and if the defendant was subsequently sentenced to a term of imprisonment within that range, then the sentence is entitled to a rebuttable presumption of reasonableness on appeal." Id. Notably, "either the defendant or the government may rebut [this presumption] by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." Id.

Here, Dixon does not challenge on appeal the district court's application of the

Guidelines. More specifically, he does not claim that the district court's factual findings regarding drug quantity were clearly erroneous, nor does he contend that any of the district court's legal conclusions regarding application of the Guidelines were erroneous.[1] Because the district court properly considered the relevant guideline range at the time of sentencing and ultimately sentenced Dixon within that range, "the sentence is [therefore considered] presumptively reasonable." Id. at 1055.

Although Dixon attempts to rebut this presumption, we easily conclude that the sentence imposed by the district court was reasonable in terms of its length. As previously noted, the only argument offered by Dixon is that a sentence at the bottom of the guideline range "would have been sufficient to provide [him] with much needed educational and substance abuse care." Aplt. Br. at 13. While this may be true (the PSR indicates that Dixon failed to graduate from high school and may be addicted to marijuana), it fails to take account of the other factors outlined in § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . ." Id. § 3553(a)(2)(A). As outlined in the PSR, Dixon was previously convicted in Oklahoma state court of trafficking in drugs.

---

[1]In his pro se supplemental brief, Dixon argues that Booker prohibited the district court from sentencing him for drug quantities other than those listed in the indictment. This, however, is a clear misreading of Booker.

Notwithstanding that conviction, Dixon continued to engage in drug-trafficking and, in doing so, distributed a substantial amount of cocaine base. Given these circumstances, we conclude that the district court's decision to impose a sentence in the middle of the guideline range was reasonable.

Dixon also complains that the district court failed to "give adequate reasons for the sentence imposed as required by section 3553(c)." Aplt. Br. at 12. We disagree. In announcing the specific sentence it was imposing on Dixon, the district court stated on the record that it had considered "all of the factors" (which we presume to be a reference to the § 3553(a) factors), including the background information contained in the PSR, Dixon's role in the offense, Dixon's relationship to defendants in related cases, and the guideline calculations. ROA, Vol. 2 at 81. Because Dixon made no arguments that he should be sentenced outside the guideline range, cited to no § 3553(a) factors, and offered no specific reasons why the district court should sentence him at the bottom of the guideline range, we conclude that nothing more was required of the district court. See United States v. Lopez-Flores, — F.3d —, 2006 WL 1000810 at *4 (10th Cir. Apr. 18, 2006) ("When the defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the Guidelines range, [we] do not require the court to explain on the record how the § 3553(a) factors justify the sentence" imposed); cf. United States v. Sanchez-Juarez, No. 05-2295, Slip. Op. at 17 (10th Cir. May 3, 2006) (indicating that a district court must address on the record a defendant's "nonfrivolous argument that the § 3553(a) factors warrant a

below-Guidelines sentence").

Dixon's motion for leave to file pro se supplemental brief is GRANTED.  The

judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge