UNITED STATES COURT OF APPEALS

**March 5, 2008**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

      v.

DON CORNELIUS DIXON,

      Defendant-Appellant.

No. 07-6207
(D.C. Nos. CIV-07-536-L and
CR-05-30-L)
(W.D. Okla.)

**ORDER**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Defendant, a federal prisoner proceeding pro se, seeks a certificate of

appealability to appeal the district court's denial of his § 2255 habeas petition.

Defendant pled guilty to various drug charges, the maximum statutory sentence

for which was life imprisonment. (*See* R. Doc. 19 at 4 (Petition To Enter Plea of

Guilty).) The presentence report indicated that Defendant should be held

accountable for 21,262.50 grams of cocaine base. Defendant objected, arguing

that he should only be held accountable for the amount of drugs alleged in the

indictment—24.22 grams. After holding an evidentiary hearing, the court

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sustained Defendant's objections in part, finding that the government had established by a preponderance of the evidence that Defendant was responsible for 500 grams to 1.5 kilograms of cocaine base. The court sentenced Defendant to 204 months' imprisonment, within the advisory Guidelines range of 188 to 235 months. We affirmed Defendant's conviction and sentence on direct appeal. *United States v. Dixon*, 179 F. App'x 541, 544 (10th Cir. 2006).

Defendant contends that he received ineffective assistance of counsel when counsel failed to assert that Defendant's constitutional rights were violated by the enhancement of his sentence based on judge-found facts.[1] However, the district court correctly noted that Defendant raised this claim on direct appeal in a pro se supplemental brief and that this circuit rejected his argument on the merits. *See id.*, 179 F. App'x at 543 n.1 ("In his pro se supplemental brief, Dixon argues that *Booker* prohibited the district court from sentencing him for drug quantities other than those listed in the indictment. This, however, is a clear misreading of *Booker*.") The district court also noted that judicial fact-finding by a preponderance of the evidence is only unconstitutional when the Guidelines are applied mandatorily, *see United States v. Dalton*, 409 F.3d 1247, 1252 (10th Cir. 2005), and that the sentencing court in this case acknowledged that the Guidelines were

---

[1] In his habeas petition, Defendant also argued that the statute establishing the United States Sentencing Commission is unconstitutional. The district court concluded that this claim was procedurally barred because it had not been raised on direct appeal. Defendant does not seek a certificate of appealability on this issue.

advisory.

Defendant also contends that he is entitled to resentencing because the correct appellate standard of review for sentencing was unknown until the Supreme Court's decision in *Rita v. United States*, 127 S. Ct. 2456 (2007). However, as we recently explained, "[t]he Court's abuse of discretion formulation [in *Rita*] is in keeping with our pre-existing understanding of the appropriate level of deference afforded to the district court through the presumption of reasonable-ness; indeed, since *Rita*, we have emphasized the congruence between the 'abuse of discretion' standard of review and our longstanding 'reasonableness' test." *United States v. McComb*, No. 07-5003, ___F.3d___, 2007 WL 4393142, at *3 (10th Cir. Dec. 18, 2007). On direct appeal, we appropriately reviewed Defendant's sentence for reasonableness. *See Dixon*, 179 F. App'x at 543-44.

In his application for a certificate of appealability, Defendant also raises a new issue related to the crack–powder disparity in sentencing. Defendant argues that he should be resentenced in light of the Sentencing Commission's recent amendments to the Guidelines dealing with crack offenses and the Commission's decision to give those amendments retroactive effect as of March 3, 2008. Because this issue was not raised before the district court, we do not consider it here.[2]

_____

[2]We note that Defendant may file a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) to seek a reduction in his sentence based on these

(continued...)

-3-

To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, Defendant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

We have carefully reviewed Defendant's brief, the district court's disposition, and the record on appeal. Nothing in these materials convinces us that reasonable jurists could debate whether the district court's rulings were correct. Accordingly, for substantially the reasons set forth by the district court, we **DENY** Defendant's request for a certificate of appealability and **DISMISS** the appeal. Defendant's motion for leave to proceed on appeal *in forma pauperis* is **GRANTED.**

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[2](...continued)
amendments.