**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 12, 2006**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 05-2264 |
| JUAN AGUILAR-DUENAS, | (D.C. No. CR-04-2499-JC) |
| Defendant-Appellant. | (D. New Mexico) |

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Juan Aguilar-Duenas appeals his sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Counsel for Aguilar-Duenas filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and moved for leave

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to withdraw as counsel. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, grant counsel's motion to withdraw, and dismiss the appeal.

Aguilar-Duenas pleaded guilty, without the benefit of a written plea agreement, to one count of reentering the United States following deportation after conviction for an aggravated felony. The presentence report (PSR) calculated a total offense level of twenty-one based on a base offense level of eight, a sixteen-level increase for previously being deported following conviction for an aggravated felony, and a three-level reduction for acceptance of responsibility. The PSR also calculated a criminal history category of II which, when combined with the offense level of twenty-one, resulted in a guideline range of forty-one to fifty-one months' imprisonment. Aguilar-Duenas did not object to the PSR and made no objections at the sentencing hearing on August 18, 2005. His counsel requested only that the court sentence him at the low end of the guideline range. The district court complied with that request and sentenced Aguilar-Duenas to forty-one months' imprisonment. At his client's request, counsel timely filed this appeal.

Counsel for Aguilar-Duenas filed an Anders brief. Pursuant to Anders, "if counsel finds [a defendant's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." 386 U.S. at 744. Upon receiving an Anders brief, we are required to conduct "a full examination of all the proceedings" and "decide whether the case

is wholly frivolous." Id. If the case is frivolous, we may grant counsel's request to withdraw and dismiss the appeal. Id. If, on the other hand, we find "any of the legal points arguable on their merits," we "must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Id.

Here, in his Anders brief, counsel asserts that this case raises no arguably appealable issues. Counsel specifically notes that his client's plea was knowing and voluntary, there was no error in the guideline calculations, and his sentence was reasonable. Counsel certified that he provided copies of his Anders brief and his Motion to Withdraw as Counsel to Aguilar-Duenas. Neither Aguilar-Duenas nor the government has filed a response brief. After fully examining the record and counsel's brief, we conclude this appeal is wholly frivolous.

In the absence of a waiver of the right to appeal, we can set aside a plea on a direct appeal if we find the plea was not knowingly and voluntarily made. Fed. R. Crim. P. 11(e); United States v. Asch, 207 F.3d 1238, 1242 (10th Cir. 2000); see also Fields v. Gibson, 277 F.3d 1203, 1212-13 (10th Cir. 2002) ("The Due Process Clause of the Fourteenth Amendment requires that a defendant knowingly and voluntarily enter a plea of guilty."). Whether a defendant's plea was knowing, intelligent, and voluntary is a question of law this court reviews de novo. Asch, 207 F.3d at 1242.

At the plea hearing, the district court found that the plea was knowingly and voluntarily entered, and we see nothing in the record to persuade us

-3-

otherwise. In response to questions posed by the district court, Aguilar-Duenas stated he completed twelve years of education, had never been treated for any drug or alcohol addiction, was not currently under treatment for a drug or alcohol addiction or mental illness, and had not been forced or threatened to plead guilty. ROA, Vol. III at 6-8. He also stated that he understood the charge against him and the maximum penalties associated with the charge and that he had spoken to his attorney about his case and was satisfied with the advice he received. Id. at 8-9. The court advised Aguilar-Duenas he had the right to plead not guilty and proceed to trial. Id. at 2. Additionally, the court explained the consequences of a guilty plea, including that Aguilar-Duenas could face deportation. Id. at 2-3. Based on these facts, we conclude the plea was knowingly and voluntarily entered.

As to the guideline calculations, because Aguilar-Duenas did not object to the calculations in the district court, we review only for plain error. United States v. Tisdale, 248 F.3d 964, 981 (10th Cir. 2001). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (internal quotation marks omitted). Here, we need not consider more than the first prong as the district court did not err in its guideline calculations. The base offense level for unlawfully entering or remaining in the United States is

-4-

eight. U.S.S.G. § 2L1.2. The presentence report revealed that Aguilar-Duenas had been previously deported following a conviction for second degree murder. This triggered a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) and resulted in a total offense level of twenty-one. Aguilar-Duenas had a criminal history category of II and received a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Based on this information, the presentence report calculated a guideline range of forty-one to fifty-one months' imprisonment. U.S.S.G. § 5A. The district court did not err in adopting these calculations.

Last, regarding the reasonableness of the district court's sentence, we review this issue under the plain-error standard, and again find the district court committed no error. United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006).

After Booker, we review sentences for reasonableness. United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). "We require reasonableness in two respects – the length of the sentence, as well as the method by which the sentence was calculated." Lopez-Flores, 444 F.3d at 1220 (internal quotation marks omitted). "[A] sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." Kristl, 437 F.3d at 1054. While this standard is deferential, it "may be rebut[ted] by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in §

3553(a)." Id.

Here, the length of the sentence, at the low end of the Guidelines, is entitled to a presumption of reasonableness. However, it is not apparent from the transcript of the sentencing proceedings that the district court considered the factors set out in 18 U.S.C. § 3553(a). During the sentencing hearing of Aguilar-Duenas, the totality of which lasted a mere four minutes, the district court gave the following reasoning prior to imposing sentence:

> Court has reviewed the Presentence Report factual findings and has considered the sentencing guideline applications. The offense level is 21. The criminal history category is II. The guideline imprisonment range is 41 to 51 months. The Guidelines are not binding on me. The court notes the defendant reentered the United States after previously being deported subsequent to being convicted of an aggravated felony.

ROA, Vol. IV at 3.

This court does "not demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the [§ 3553(a)] factors that Congress has instructed it to consider." United States v. Mares, 441 F.3d 1152, 1161 (10th Cir. 2006) (internal quotation marks omitted). District courts, however, are required to provide sufficient reasons for their discretionary sentencing decisions in order for this court to perform meaningful appellate review. United States v. Sanchez-Juarez, 446 F.3d 1109, 1117 (10th Cir. 2006). Accordingly, "where a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence . . . ," the record must show

"that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors." Id. (internal quotation marks and alterations omitted). The corollary also holds true. "When the defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the Guidelines range, our post-Booker precedents do not require the court to explain on the record how the § 3553(a) factors justify the sentence." Lopez-Flores, 444 F.3d at 1222.

In the present case, counsel for Aguilar-Duenas asked only "that the Court give consideration to a low end of the Guidelines of 41 months for Mr. Aguilar." ROA, Vol. IV at 2. Counsel continued by noting: "He has a good family here in New Mexico. He has suffered some serious losses in his life, and as an older person he most definitely understands the law and respects it and doesn't want to spend any more time in jail than he has to." Id. Counsel, however, did not advance any argument that the § 3553(a) factors warranted a sentence below the guideline range. Neither did Aguilar-Duenas, who stated only: "I just want to say I'm getting too old for this and next chance I get I'm going back to Mexico and I'm staying there." Id. Because Aguilar-Duenas requested only that he be sentenced to the bottom of the guideline range, and the district court imposed a sentence within the guideline range, the district court was not required to explain on the record how the § 3553(a) factors justify the sentence. Accordingly, we

conclude that there is nothing in the record to suggest that the sentence was unreasonable.

Because Aguilar-Duenas has not shown any meritorious grounds for appeal, we GRANT his counsel's request to withdraw and DISMISS the appeal.

Entered for the Court

Mary Beck Briscoe
Circuit Judge