**F I L E D**

PUBLISH

**April 18, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ROBERTO ALEJANDRO LOPEZ-
FLORES,

      Defendant - Appellant.

No. 05-2274

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**[*]
**(D.C. NO. CR-05-906 JC)**

Peter E. Edwards, Assistant Federal Public Defender, Las Cruces, New Mexico,
for the Defendant - Appellant.

David C. Iglesias, United States Attorney and Laura Fashing, Assistant United
States Attorney, Albuquerque, New Mexico, for the Plaintiff - Appellee.

Before **HARTZ**, **EBEL,** and **TYMKOVICH**, Circuit Judges.

**HARTZ**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without
oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Roberto Alejandro Lopez-Flores appeals his sentence. He contends that his sentence was unreasonable because the district court failed to explain its reasons for imposing the sentence. We affirm.

## I. BACKGROUND

On April 27, 2005, Mr. Lopez-Flores pleaded guilty to illegally reentering the United States after being deported following a conviction for aggravated battery. *See* 8 U.S.C. § 1326(a)(1), (2); 8 U.S.C. § 1326(b)(2). United States Sentencing Guidelines (USSG) § 2L1.2(a) establishes a base offense level of 8 for illegal reentry, and § 2L1.2(b)(1)(A)(ii) requires a 16-level increase when the defendant was previously deported following a felony conviction for a crime of violence. The presentence report (PSR) recommended a three-level downward adjustment for acceptance of responsibility, *see* USSG § 3E1.1, leading to a total offense level of 21. Additionally, the PSR calculated that Mr. Lopez-Flores's prior convictions placed him in criminal history category III. The resulting sentencing range was 46 to 57 months' imprisonment.

At the sentencing hearing counsel for Mr. Lopez-Flores told the court that his client

> has never had any involvement with the federal courts or never had counsel to advise him of the consequences of his previous conviction and the immigration laws. He has had that counsel this time. I have advised him that he's been banished from the United States and never allowed back here. I have advised him that next time he could be

looking at—as with this time, he could be looking at 20 years, and he's not ever allowed to enter the United States. He's 21 years old, your Honor. We would ask the court to impose a reasonable sentence for Mr. Lopez, allow him to get on with his life, get back to Mexico and stay there.

R. Vol. IV at 2. Mr. Lopez-Flores added only that he was "sorry for the harm I have caused here and I apologize for having come back to the United States. That's all." *Id*. at 3. No objections were made to the Guidelines calculation in the PSR, nor were any other arguments made in favor of a lower sentence. The district court then indicated that it had "reviewed the Presentence Report factual findings and ha[d] considered the sentencing guideline applications." *Id*. The district court accepted those findings and sentenced Mr. Lopez-Flores to 46 months' imprisonment—the bottom of the Guidelines range. The district court made no reference to the non-Guidelines sentencing factors in 18 U.S.C. § 3553(a). Mr. Lopez-Flores appeals his sentence on the ground that it was unreasonable because the district court did not explain its reasoning under § 3553(a) for imposing the sentence.

## II. DISCUSSION

### 1. *Booker*

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that mandatory application of the United States Sentencing Guidelines violated the Sixth Amendment. By striking down 28 U.S.C. § 3553(b)(1) (the court

"shall" impose a sentence within the Guidelines range), and 28 U.S.C. § 3742(e) (de novo appellate review), *id*. at 245, the Court made the Guidelines but one factor among others to be considered at sentencing. In § 3553(a), entitled "Factors to be considered in imposing a sentence," only paragraphs (4) and (5) refer to the Guidelines or the Sentencing Commission. *Booker* said that "[s]ection 3553(a) remains in effect," 543 U.S. at 261, so the factors listed in paragraphs (1), (2), (3), (6), and (7) also play a role. As stated by the Court:

> [T]he [Federal Sentencing] Act . . . requires judges to take account of the Guidelines together with other sentencing goals . . . [, including] the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, . . . And the Act . . . requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care.

*Id*. at 259-60.

After *Booker* a sentence, rather than having to comply with the Guidelines, must be reasonable. *See id.* at 261. We require reasonableness in two respects—"the length of the sentence, as well as the *method* by which the sentence was calculated." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Mr. Lopez-Flores challenges the method by which his sentence was set. He contends that his sentence is unreasonable because the district court failed to

explain the sentence on the record with reference to any factor other than the Guidelines.

## 2. Standard of Review

The parties disagree whether we should review Mr. Lopez-Flores's sentence under the plain-error standard. Mr. Lopez-Flores acknowledges that he failed to argue in district court that his sentence was unreasonable. Ordinarily, when a claim of error was not raised below, we review only for plain error. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (citing Fed. R. Crim. P. 52(b)). Mr. Lopez-Flores argues, however, that a challenge to the reasonableness of a sentence should be treated differently. He relies on a recent decision by the Seventh Circuit, *United States v. Castro-Juarez*, 425 F.3d 430 (7th Cir. 2005), which he describes as holding that it is unnecessary to raise a reasonableness challenge at sentencing. We think he reads that opinion too broadly. *Castro-Juarez* said that requiring a defendant to object to the reasonableness of a sentence after it has been announced would

> create a trap for unwary defendants and saddle busy district courts with the burden of sitting through an objection—probably formulaic—in every criminal case. Since the district court will already have heard argument and allocution from the parties and weighed the relevant § 3553(a) factors before pronouncing sentence, we fail to see how requiring the defendant to then protest the term handed down as unreasonable will further the sentencing process in any meaningful way. Certainly we do not mean to discourage district courts from entertaining argument about the reasonableness of a sentence after its pronouncement, nor do we suggest that our

longstanding insistence on proper objections as to other sentencing issues, e.g., the application of a guideline adjustment, should be relaxed. All we conclude here is that our review of a sentence for reasonableness is not affected by whether the defendant had the foresight to label his sentence "unreasonable" before the sentencing hearing adjourned.

*Id*. at 433-34.

Thus, *Castro-Juarez* addresses only challenges to the reasonableness of the *length* of a sentence that are based on the record before the district court. That is not the challenge here. As we recently stated, "the reasonableness standard of review set forth in *Booker* necessarily encompasses both the reasonableness of the length of the sentence, as well as the *method* by which the sentence was calculated." *Kristl*, 437 F.3d at 1055. Mr. Lopez-Flores's challenge on appeal is to the *method* by which the district court arrived at his sentence. Although *Castro-Juarez* explains why it is unnecessary to argue to the district court after imposition of the sentence that the sentence is unreasonably long, the usual reasons for requiring a contemporaneous objection apply to challenges to the district court's method of arriving at a sentence. A timely objection to the method can alert the district court and opposing counsel, so that a potential error can be corrected, obviating any need for an appeal. Here, for example, an objection that the sentencing court had not adequately explained the sentence under the factors set forth in 18 U.S.C. § 3553(a) would have enabled the court either to correct a failure to consider those factors or to state affirmatively that the factors had been

considered.  In this circumstance plain-error review is appropriate.  *See United States v. Whitney*, 229 F.3d 1296, 1308 (10th Cir. 2000) (alleged error in sentencing not raised below); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004) (the plain-error standard "encourage[s] timely objections and reduce[s] wasteful reversals by demanding strenuous exertion to get relief for unpreserved error").

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Gonzalez-Huerta*, 403 F.3d at 732 (internal quotation marks omitted).  Here, we need not go past the first prong because the district court committed no error.

**3.  Merits**

Mr. Lopez-Flores contends that the district court erred by not stating on the record how it weighed the § 3553(a) sentencing factors other than the Guidelines. He relies on 18 U.S.C. § 3553(c), which requires the district court to state "the reasons for its imposition of the particular sentence."  In addition, if the sentence is greater than 24 months, subsection (c)(1) requires that the district court also state "the reason for imposing a sentence at a particular point within the [Guidelines] range."  When the sentence imposed is outside the Guidelines range, subsection (c)(2) requires that the district court give "the specific reason for the

imposition" of the sentence, and must also state the reason in the written order of judgment.

Section 3553 (c)(2) has no bearing on this case because the sentence was within the Guidelines range. Subsection (c)(1) does apply, because the sentence exceeded 24 months, but for obvious reasons Mr. Lopez-Flores does not challenge the district court's failure to state why it was imposing a sentence at the bottom of the Guidelines range. *See United States v. Underwood*, 938 F.2d 1086, 1088 (10th Cir. 1991) ("Although it is clear that the district court did not comply with subsection (c)(1), remand on this issue alone would be pointless because the defendant could not have received a more lenient sentence within the applicable guideline range."). Thus, his challenge rests on the more general requirement of § 3553(c).

But we held pre-*Booker* that when the sentencing court imposes a sentence within the calculated Guidelines range, § 3553(c) requires only "a general statement noting the appropriate guideline range and how it was calculated." *Id*. at 1092. *See United States v. Georgiadis*, 933 F.2d 1219, 1223 (3d Cir. 1991) (general requirement of § 3553(c) "is satisfied when a district court indicates the applicable Guidelines range, and how it was chosen"). Although the district court here omitted to recite how the Guidelines range was calculated, the calculation was obvious and Mr. Lopez-Flores is not complaining of the omission.

Consequently, Mr. Lopez-Flores's appeal would have had no merit before *Booker*. Indeed, he could not have brought this appeal before *Booker* because review of a sentence "within an admittedly appropriate guideline range [was] . . . precluded." *Underwood*, 938 F.2d at 1089. His argument must therefore be that after *Booker* more is required of district courts by § 3553(c). We disagree.

When the defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the Guidelines range, our *post-Booker* precedents do not require the court to explain on the record how the § 3553(a) factors justify the sentence. "We do not require a ritualistic incantation to establish consideration of a legal issue, nor do we demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004) (internal quotation marks omitted); *see also United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005) ("It is true that the district court did not march through § 3553(a)'s sentencing factors, but we have never imposed such a requirement."); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005) ("Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less."); *United States*

*v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) ("When the judge exercises her discretion to impose a sentence within the Guideline range and states for the record that she is doing so, little explanation is required."); *United States v. Simpson*, 430 F.3d 1177, 1186 (D.C. Cir. 2005) ("It is true that the district court did not specifically refer to *each* factor listed in § 3553(a). But we have not required courts to do so."); *cf. Kristl*, 437 F.3d at 1054 ("[A]ny sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." (internal quotation marks omitted)).

At sentencing, counsel for Mr. Lopez-Flores perfunctorily raised only run-of-the-mill contentions. A response by the district court was not required.

## III. CONCLUSION

We AFFIRM the judgment of the district court.