**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUBEN LOPEZ-CAMAS,

Defendant-Appellant.

No. 05-2224
(D. N.M)
(D.C. No. CR-04-2105-JC)

**ORDER AND JUDGMENT** [*]

Before **LUCERO**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Ruben Lopez-Camas pleaded guilty to illegal reentry into the United States

following deportation after conviction for an aggravated felony. After

considering the proper advisory range under the United States Sentencing

Guidelines, but failing to discuss any of the sentencing factors under 18 U.S.C.

§ 3553(a), the district court sentenced Lopez-Camas to a term of fifty-seven

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

months' imprisonment, a sentence at the bottom of the advisory guidelines range. Lopez-Camas appeals his sentence, arguing it is unreasonable. Because Lopez-Camas failed to object to the district court's method of sentencing below, and because failure to refer to the § 3553(a) factors in a sentencing order does not, on its own, constitute plain error, we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM** the district court's sentencing order.

On October 7, 2004, Border Patrol agents arrested Lopez-Camas in New Mexico. Lopez-Camas admitted he was a citizen of Mexico and was in the United States illegally. Investigation revealed Lopez-Camas had been convicted of second-degree child molestation in the State of Washington in 2003, for which he was sentenced to eighteen months' custody and deported to Mexico on September 27, 2004.

Lopez-Camas was charged with and pleaded guilty to illegal reentry into the United States following deportation after conviction for an aggravated felony in violation of 8 U.S.C. § 1326. Applying relevant sections of the United States Sentencing Guidelines ("USSG" or "Guidelines"), the Presentence Investigation Report ("PSR") stated that Lopez-Camas' adjusted offense level was twenty-one and, based on his seven criminal history points,[1] his criminal history category was

_____

[1] In accordance with the Guidelines, Lopez-Camas received one criminal history point for a DUI offense committed in Florida in 2000, three points for his 2003 child molestation offense, two points because his illegal reentry was

(continued...)

2

IV.  Given this combination, the Guidelines specified a sentencing range of fifty-seven to seventy-one months' imprisonment.

Prior to his sentencing hearing, Lopez-Camas submitted to the court a Sentencing Memorandum and Motion for Downward Adjustment in Criminal History Category.  In the memorandum, he asserted that a criminal history category of IV overstated the seriousness of his prior offenses and requested that the court calculate his sentence using a criminal history category of III.  He made the same argument during the sentencing hearing.

The district court considered Lopez-Camas' argument, but then stated the following:

> The Court has reviewed the presentence report factual findings and has considered the sentencing guideline applications.  I accept your plea of guilty.
>
> The offense level is 21, and the criminal history category is IV.  The guideline imprisonment range is 57 to 71 months.
>
> The Court notes that the defendant reentered the United States after having been deported following a conviction for a crime of violence, child molestation.
>
> As to the indictment . . . the defendant, Ruben Lopez-Camas, is committed to the custody of the Bureau of Prisons for a term of 57 months.

---

[1](...continued)
committed while he remained on community supervision, and an additional point because his illegal reentry occurred less than two years after his release from imprisonment.

Notably, the order did not state that the district court had considered all – or any – of the sentencing factors under 18 U.S.C. § 3553(a) in determining the proper sentence. Lopez-Camas appeals.

Under United States v. Booker, appellate courts review district court sentencing decisions for "reasonableness." 543 U.S. 220, 262 (2005). "Reasonableness has both procedural and substantive components." United States v. Cage, 451 F.3d 585, 591 (10th Cir. 2006). Lopez-Camas argues that his sentence is procedurally unreasonable because the district court failed to consider the § 3553(a) factors before imposing his sentence.

We have recently considered several challenges to virtually identical sentencing orders. On appeal, the resolution of whether those sentencing orders were reasonable has turned on the issue of what standard of review we applied. The standard of review depended on whether the defendant objected to the method by which the district court imposed the sentence.

In United States v. Sanchez-Juarez, 446 F.3d 1109, 1112 (10th Cir. 2006), we reversed a sentencing order that failed to explain why the court was imposing the sentence. We reviewed the sentence simply for reasonableness because the defendant had objected to the method by which the district court calculated the sentence. Id. The sentence was unreasonable because it did not provide a basis for an appellate court to determine its reasonableness: "In particular, where a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a

4

below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors." Id. (emphasis added).

In United States v. Lopez-Flores, 444 F.3d 1218, 1222 (10th Cir. 2006), however, the defendant had not objected to a sentencing order which did not refer to any § 3553(a) factors. Thus, we applied plain error review. The reason for this is that parties should inform the district court about a failure in the method by which it imposed the sentence so it can revise its order.

> "A timely objection to the method can alert the district court and opposing counsel, so that a potential error can be corrected, obviating any need for an appeal. Here, for example, an objection that the sentencing court had not adequately explained the sentence under the factors set forth in 18 U.S.C. § 3553(a) would have enabled the court either to correct a failure to consider those factors or to state affirmatively that the factors had been considered."

Id. at 1221. We then held that the district court's failure to give any explanation for its reasoning other than a recitation of the applicable guidelines range did not constitute plain error. "When the defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the Guidelines range, our post-Booker precedents do not require the court to explain on the record how the § 3553(a) factors justify the

5

sentence." Id.[2]

Thus, the only relevant question is whether Lopez-Camas' objection to the calculation of the sentencing range in the presentence report, which he made again during the sentencing proceeding, constituted an objection to the reasonableness of a sentence within the guidelines range. In that motion, Lopez-Camas only requested that the district court grant a downward adjustment, i.e., it should make a different determination of what the proper guidelines range was. This was the only argument he raised; although Booker had been decided months before his sentencing hearing, Lopez-Camas made absolutely no mention of the district court's sentencing discretion. Had he made any mention of reasonableness or the § 3553(a) factors, this would be a substantially different case. However, as we explained in Lopez-Flores, the failure to argue that a sentence within the guidelines range would be unreasonable leaves the district court without notice allowing it to reconsider the matter under § 3553(a), if warranted. "Although . . . it is unnecessary to argue to the district court after imposition of the sentence that the sentence is unreasonably long, the usual

_____

[2] In Lopez-Flores, we explicitly distinguished a Seventh Circuit opinion, United States v. Castro-Juarez, 425 F.3d 430 (7th Cir. 2005). Lopez-Flores, 444 F.3d at 1221. That opinion held that a failure to object to the length of a sentence after the sentence is issued does not require plain error review. Castro-Juarez, 425 F.3d at 433-34. The rule in Castro-Juarez is not implicated in this case because this is a challenge to the sentencing method used by the district court, and not to the length of the sentence, and because Lopez-Camas did not object at any point to the reasonableness of a guidelines-range sentence.

6

reasons for requiring a contemporaneous objection apply to challenges to the district court's method of arriving at a sentence." Lopez-Flores, 444 F.3d at 1221. Nothing in Lopez-Camas' objections referred to the method by which the district court ultimately determined the sentence – in fact, until this appeal, he did not argue that a sentence within the Guidelines would not be in accord with § 3553(a). As such, plain error review applies.

The district court did not commit plain error. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (internal quotation marks omitted). Lopez-Camas raises no argument that distinguishes this case from Lopez-Flores, and, there, we found no error. Accordingly, the district court did not commit plain error. **AFFIRMED.**

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

7