**F I L E D**

**UNITED STATES COURT OF APPEALS**

December 19, 2006

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GIL LEON-PAZ,

Defendant-Appellant.

No. 05-2400

District of New Mexico

(D.C. No. CR-05-418 LH)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Gil Leon-Paz pleaded guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) & (b)(2). At his sentencing hearing, he asked for and received a fifty-seven-month sentence—the shortest sentence in his Guidelines range—without objecting to the Guidelines calculation or arguing that, based on the factors in 18

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

U.S.C. § 3553(a), he should receive a below-Guidelines sentence. On appeal, Mr. Leon-Paz alleges that the district court erred by failing to consider on the record the § 3553(a) factors and by failing to state its reasons for sentencing him to fifty-seven months imprisonment. His arguments, however, are foreclosed by *United States v. Lopez-Flores*, 444 F.3d 1218, 1222 (10th Cir. 2006), which held that a district court need not explain how the § 3553(a) factors justify a within-Guidelines sentence if a defendant does not argue at sentencing that the § 3553(a) factors entitle him to a below-Guidelines sentence.

Mr. Leon-Paz bases his arguments largely on *United States v. Sanchez-Juarez*, 446 F.3d 1109 (10th Cir. 2006), where this Court vacated a sentence because the district court failed to consider the § 3553(a) factors on the record after the defendant requested a below-Guidelines sentence. *Id.* at 1115–17. *Sanchez-Juarez* held that "where a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that 'the sentencing judge [did] not rest on the guidelines alone, but . . . consider[ed] whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.'" *Id.* at 1117 (quoting *United States v. Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005)).

*Sanchez-Juarez*, however, is inapposite here. At the sentencing hearing, Mr. Leon-Paz's attorney did not request a below-Guidelines sentence, nor did he

object to the manner in which the district court calculated the Guidelines range. Instead, he told the district court that "the government has agreed to a recommendation that my client be sentenced to the lower end [of the Guidelines range]. We would respectfully request that the Court accept that recommendation." R. Vol. IV, 3. He subsequently repeated that request. *Id.*

Because Mr. Leon-Paz's attorney failed to object to the method by which the district court calculated the sentence, we review for plain error. But here, there was no error at all. "When the defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the Guidelines range, our post-*Booker* precedents do not require the court to explain on the record how the § 3553(a) factors justify the sentence." *Lopez-Flores*, 444 F.3d at 1222.

We therefore hold that the district court did not commit plain error and **AFFIRM** the judgment of the United States District Court for the District of New Mexico.

Entered for the Court,

Michael W. McConnell
Circuit Judge