HOLLOWAY, Circuit Judge,
dissenting in part.
Jose Madrid contends that his sentence is unreasonable. We have held, however, that a guidelines-based sentence is presumptively reasonable. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir.2006). We have also held that the sentencing judge is not required to discuss, specifically and on the record, each of the statutory factors found in 18 U.S.C. § 3553(a). Nevertheless, in United States v. Sanchez-Juarez, we held that
where a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that “the sentencing judge [did] not rest on the guidelines alone, but ... considered] whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.”
446 F.3d 1109, 1117 (10th Cir.2006) (quoting United States v. Cunningham, 429 F.3d 673, 676 (7th Cir.2005)) (emphasis *738 added; alterations in original).[8]
I am convinced that a nonfrivolous argument was made below that the sentence was unreasonable in Jose Madrid’s circumstances. Appellant’s App. at 62-63. These circumstances are undisputed: Jose has worked since he was eleven years old and before this offense had operated a family business, the J and J Pressure Wash. PSR at 14. He was a high school graduate in 1996 and co-owner of the family business in Dexter, New Mexico since 1993. Id. at 15. His previous employer, Southwest Concrete, had said that Jose “was a good worker and he would be eligible for re-employment with this company.” Id. at 16. Jose had also worked for Leprino Foods in Roswell from 1998 through 2000. Id.
Jose was 27 years old at the time of the PSR and was married with three children: Sandra, six years old; Kassandra, three years old; and Manuel, one year old, who has a breathing disorder requiring frequent hospitalization. Jose had no criminal history points. He had only minor traffic violations and the instant first-time drug offense. Id. at 63.
While the offense of conviction is serious, as in Sanchez-Juarez, I find nothing in the record from which we can discern whether the sentencing judge relied on the guidelines alone, or whether he made the mandatory determination that the sentence based on the guidelines conformed, under the particular circumstances of this individual defendant, to the statutory factors. I note that the statutory minimum sentence for this offense is ten years. 21 U.S.C. § 841(b)(1)(A). Accordingly, I am convinced that we should remand to the district court with instructions to vacate the sentence of Jose Madrid so that he can be re-sentenced.

. Cf. United States v. Lopez-Flores, 444 F.3d 1218, 1222 (10th Cir.2006) (holding that where "defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the Guidelines range, our post-Booker precedents do not require the court to explain on the record how the § 3553(a) factors justify the sentence”).