**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

GIDEON MICHAEL ROBLES,

     Defendant-Appellant.

No. 06-2271
(D.Ct. No. CR-05-2768 JC)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is
therefore ordered submitted without oral argument.

Appellant Gideon Michael Robles pled guilty to one count of assault with a

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

dangerous weapon within Indian country in violation of 18 U.S.C. §§ 113(a)(3) and 1153. He now appeals his sentence, contending the district court erred in failing to sentence him below the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range, based on certain sentencing factors under 18 U.S.C. § 3553(a) which he raised during sentencing. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm Mr. Robles's conviction and sentence.

## I. Factual Background

On December 11, 2005, Mr. Robles and a fifteen-year-old companion attended a late-night party at a home located on the Navajo Indian Reservation in Church Rock, New Mexico. Witness accounts differed on what occurred that evening, but all agreed that during an altercation between Aaron Begay and the fifteen-year-old, Mr. Robles intervened by picking up a knife from the kitchen counter and inflicting a half-inch-deep stab wound in Mr. Begay's chest.[1] A local medical center treated Mr. Begay and released him six days later.

_____

[1] Mr. Begay and his sister claimed Mr. Robles also intentionally stabbed her in the side before he stabbed Mr. Begay. In contrast, Mr. Robles, who was drinking that night, claimed he accidently stabbed Ms. Begay when he passed through the sliding glass door when leaving the house and that he believed he stabbed her after he stabbed Mr. Begay, but admitted he did not remember the sequence of events. Regardless of which version of events is correct, Mr. Robles admitted he stabbed both of them and ultimately pled guilty to assaulting Mr. Begay with a dangerous weapon with intent to do bodily harm. Counts in the indictment against Mr. Robles for assault on Ms. Begay with a deadly weapon and for causing her serious bodily injury were dropped as part of the plea agreement.

## II. Procedural Background

Following a four-count indictment, Mr. Robles pled guilty to one count of assaulting Mr. Begay with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. §§ 113(a)(3) and 1153, and in return, the government agreed to dismiss the remaining counts against him and recommend a sentence at the low end of the Guidelines range. Following Mr. Robles's guilty plea and dismissal of the other counts against him, a probation officer prepared a presentence report calculating his base offense level at fourteen, but recommending a four-level increase because Mr. Robles used a dangerous weapon in committing the crime, and an additional three-level increase because Mr. Begay sustained bodily injuries. After reducing Mr. Robles's offense level by three levels for acceptance of responsibility, the probation officer calculated his total offense level at eighteen, which, together with his criminal history category of I, resulted in a Guidelines range of twenty-seven to thirty-three months imprisonment.

Mr. Robles, through counsel, filed a sentencing memorandum in which he did not oppose the presentence report, including the Guidelines range calculations, but argued a twelve-month sentence, rather than a twenty-seven- to thirty-three-month Guidelines-range sentence, was warranted based on the sentencing factors in 18 U.S.C. § 3553(a). In support of his argument, Mr. Robles

asked the district court to consider the nature and circumstances of his offense, including the fact he was attempting to defend the fifteen-year-old from an armed attack; his lack of a prior criminal record, which showed a reduced risk of recidivism; and his history and characteristics, including a childhood spent in a series of foster homes, his young age of eighteen, his lack of, and need for, educational and vocational training, and his stable relationship with the woman bearing his child.

At the sentencing hearing, Mr. Robles's counsel again did not object to the sentencing range calculations in the presentence report but reiterated the same arguments in support of a below-Guidelines-range sentence. Following these arguments and Mr. Robles's statement regarding his remorse for his conduct, the district court stated it had "reviewed the presentence report factual findings and ... considered the sentencing guideline applications and the factors set forth in 18 United States Code Section 3553(a)(1) through (7)." It acknowledged the Guidelines range was twenty-seven to thirty-three months imprisonment and further noted Mr. Robles assaulted the victim and caused him bodily harm. It then sentenced Mr. Robles at the low end of the Guidelines range to twenty-seven months imprisonment followed by three years supervised release. Mr. Robles and his counsel raised no contemporaneous objection to the district court's calculation or explanation of his sentence and a judgment was entered on August 30, 2006.

III. Discussion

On appeal, Mr. Robles argues the district court erred by: 1) failing to meaningfully consider his meritorious arguments under 18 U.S.C. § 3553(a) for a below-Guidelines sentence; 2) failing to give adequate weight to the non-Guidelines § 3553(a) factors; 3) failing to explain its reasons for the sentence imposed; and 4) unreasonably imposing a sentence greater than necessary to achieve the sentencing goals in § 3553(a). In support, he contends the district court only "perfunctorily" stated it considered the § 3553(a) factors, but did not address the application of those factors nor explain why a "27-month sentence ... was necessary to achieve the purposes of sentencing." He also suggests the compelling circumstances previously raised warrant a below-Guidelines sentence based on § 3553(a). In so doing, he argues the record is inadequate to determine whether the sentence is "greater than necessary to achieve the statutory purposes."

We review for reasonableness the sentence imposed and have determined a presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range. *See United States v. Kristl*, 437 F.3d 1050, 1053-54 (10th Cir. 2006) (*per curiam*). We require reasonableness in two respects – "the length of the sentence, as well as the method by which the sentence was calculated." *Id.* at 1055 (emphasis omitted). This involves an

assessment of the procedural and substantive reasonableness of the sentence. *See United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). If the district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable," but "[t]he defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Kristl*, 437 F.3d at 1055. In determining whether the district court properly considered the applicable Guidelines range, we review its legal conclusions de novo and its factual findings for clear error. *Id.* at 1054.

We have held "[t]here is no question that, in addition to guiding our reasonableness review on appeal, the sentencing factors set forth in 18 U.S.C. § 3553(a) must be considered by the district court itself when imposing a sentence." *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1115 (10th Cir. 2006). When the district court allows a defendant to make an argument that any of these factors warrant a below-Guidelines-range sentence and then imposes a sentence at the low end of the Guidelines range, we have said this "may fairly be read as a functional rejection of [his] arguments and a denial of his request for a below-Guidelines sentence." *Id.* When addressing a district court's consideration of the § 3553(a) factors, "[w]e do not require a ritualistic incantation to establish consideration of a legal issue, nor do we demand that the district court recite any

magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *United States v. Lopez-Flores*, 444 F.3d 1218, 1222 (10th Cir. 2006) (quotation marks and citation omitted), *petition for cert. filed* (Jul. 7, 2006) (No. 06-5217). While "we will not demand that the district court recite any magic words" to support its conclusions, neither will we "presume the district court weighed a party's arguments in light of the § 3553(a) factors where the record provides no indication that it did so and no clear explanation of the sentence imposed." *Sanchez-Juarez*, 446 F.3d at 1115-16 (quotation marks and citations omitted).

> [W]here a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.

*Id.* at 1117 (quotation marks, alteration, and citation omitted).

With these principles in mind, we note the district court in this case explicitly considered the factors in § 3553(a).[2] Thus, the record provides a clear

_____

[2] 18 U.S.C. § 3553(a) provides, in part, that the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(continued...)

"indication" it considered these requisite factors, together with Mr. Robles's argument for a below-Guidelines-range sentence. *See Sanchez-Juarez*, 446 F.3d at 1115-16. When the district court imposed a sentence at the low end of the Guidelines range, it was "a functional rejection of [his] arguments and a denial of his request for a below-Guidelines sentence." *Id.* at 1115. Moreover, we note Mr. Robles and his counsel raised no contemporaneous objection to the district court's calculation or explanation of his sentence. Finally, because the district court properly considered the relevant Guidelines range and sentenced Mr. Robles within that range, his sentence is presumptively reasonable and he clearly has not rebutted this presumption by demonstrating the sentence is unreasonable in light of the sentencing factors in § 3553(a). *See Kristl*, 437 F.3d at 1055. In other words, he has not shown that the circumstances delineated by him, when viewed in light of the § 3553(a) factors, are sufficient to transform his presumptively reasonable sentence into one that is unreasonable.

---

[2](...continued)
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available; ...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

## IV. Conclusion

For these reasons, we **AFFIRM** Mr. Robles's conviction and sentence.


                                            **Entered by the Court:**

                                            **WADE BRORBY**
                                            United States Circuit Judge