[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 25, 2007
THOMAS K. KAHN
CLERK

No. 06-15962
Non-Argument Calendar

_____

D. C. Docket No. 06-14006-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL LAURENT WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 25, 2007)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Daniel Laurent Williams appeals his 135-month sentence, imposed after he pled guilty to using interstate commerce to persuade, induce, entice and coerce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Williams argues that his sentence is procedurally unreasonable because the district court failed to adequately consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). Williams further argues that his sentence is procedurally unreasonable because the district court applied a "presumption of reasonableness" to a sentence within the advisory guideline range and gave undue weight to the Guidelines in fashioning his sentence. For the reasons set forth more fully below, we affirm.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Unreasonableness may be procedural, when the court's procedure does not follow Booker's[1] requirements, or substantive. See United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). When evaluating the reasonableness of a sentence, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006), cert. dismissed, 127 S.Ct. 3040 (2007). When imposing a sentence, the district court must first correctly calculate the Guidelines. United

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 62 (2005).

States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Second, the district court must consider the following factors to determine a reasonable sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. (citing 18 U.S.C. § 3553(a)). While the district court must consider the § 3553(a) factors, it is not required to discuss each factor. Talley, 431 F.3d at 786. "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Id.

Williams sought a lesser sentence than the sentence the district court ultimately imposed. However, once the sentence was imposed, Williams did not object to either its procedural or substantive reasonableness. The government argues that his failure to do so results in plain error review on appeal. While we have not issued a published opinion determining whether our review is for reasonableness or plain error in this situation, because Williams cannot establish that his sentence is unreasonable, we need not decide the issue in this case. Cf. United States v. Swehla, 442 F.3d 1143, 1145 (8th Cir. 2006) (holding that review

3

is for reasonableness because "[o]nce a defendant has argued for a sentence different than the one given by the district court, we see no reason to require the defendant to object to the reasonableness of the sentence after the court has pronounced its sentence"); United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006), cert. denied, 127 S.Ct. 3043 (2007) (reviewing for plain error an unpreserved argument that the district court failed to adequately explain the sentence under the § 3553(a) factors).

"When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363. "[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Talley, 431 F.3d at 788. Although we do not consider a sentence within the guideline range to be per se reasonable, the use of the Guidelines remains central to the sentencing process, and it is ordinarily expected that a sentence within the guideline range will be reasonable. Id. at 787-88. "The weight to be accorded any given § 3553(a) factor

4

is a matter committed to the sound discretion of the district court[,]" and we will not "substitute our judgment in weighing the relevant factors because our review is not de novo." Williams, 456 F.3d at 1363 (citation and quotations omitted).

In Rita v. United States, 551 U.S. ___, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), the Supreme Court held that, in reviewing sentences for reasonableness under 18 U.S.C. § 3553(a), a federal appellate court may apply a presumption of reasonableness to a district court sentence imposed within the guideline range. 551 U.S. at ___, 127 S.Ct. at 2462. Nevertheless, it appears that, even in light of Rita, our previous holdings remain intact. See United States v. Campbell, 491 F.3d 1306, 1313-14 & n.8 (11th Cir. 2007) (restating our holding in Hunt, but noting that "the Court's rationale in Rita calls into question our reasons for not affording a presumption of reasonableness").

With regard to the procedural reasonableness of Williams's sentence, the district court stated that it had considered the statements of the parties, the advisory Guidelines, the statutory minimum, and the § 3553(a) factors. Because "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker[,]" Talley, 431 F.3d at 786, the district court's analysis of the § 3553(a) factors was sufficient. The district court acknowledged that the Guidelines were advisory and found that a

sentence within the guideline range was appropriate. Aside from the selection of a guideline sentence, the record provides no support for Williams's contention that the district court applied a presumption of correctness to the advisory guideline range, especially where the court discussed other § 3553(a) factors, such as deterrence.

Williams also has not established that his sentence is substantively unreasonable. Williams's 135-month sentence was within the advisory guideline range, 75 months greater than the statutory minimum 60-month term of imprisonment, but well below the 30-year (360-month) statutory maximum term of imprisonment. See 18 U.S.C. § 2422(b). Williams's advisory guideline range was affected by the fact that a computer was used to commit the offense and by the age of the fictitious victim, who was 11 years' old. Under these circumstances, the evidence that Williams presented in mitigation regarding his lack of prior criminal history, which was already accounted for in the range, and his steady employment does not appear sufficient to show that his sentence was unreasonable.

Although Williams asserted that he would have faced a lower sentencing range had the undercover detective not stated that the fictitious victim was 11 years' old, we have declined to decide whether "a finding of sentencing factor manipulation is a valid mitigating consideration under § 3553(a)," but have not

ruled out the possibility that it could be considered. Williams, 456 F.3d at 1370-71. In United States v. Bohannon, we considered a guidelines calculation claim of sentencing factor manipulation in a case where an undercover officer pretended to be a 15-year-old girl, and the Guidelines provided for a 2-level enhancement if the offense involved a minor who was at least 12 but not yet 16 years old. 476 F.3d 1246, 1252 (11th Cir. 2007). Rejecting the defendant's claim of error, we relied upon evidence that the defendant believed that he was interacting with a 15-year-old girl, knew the consequences of sexual relations with her, and had seductive pictures on his computer of others with whom he had sexual encounters. Id.

Similarly, Williams cannot show that the alleged manipulation here made his sentence unreasonable. The undercover detective expressly indicated that his "daughter" was under the age of 12 and sent Williams an image of an 11-year-old girl via the Internet. The detective also reminded Williams that his "daughter" was under age 12 after Williams indicated that he had engaged in sexual activity with children under 12 years of age and expressed an interest in "swapping" children with the detective. The record further indicates that Williams sent images depicting a male's penis for the detective's "daughter" to view via the internet and believed that he was speaking with an 11-year-old girl when he telephoned Williams to speak with his "daughter." Williams also admitted that he had

7

pornographic videos and images of children on his home computer. Moreover, there is no indication of any entrapment in this case. See Bohannon, 476 F.3d at 1252 ("A sentencing-factor manipulation claim alleges that 'a defendant, although predisposed to commit a minor or lesser offense, is entrapped into committing a greater offense subject to greater punishment.'") (citation omitted). For all these reasons, the district court did not err and Williams's sentence was not unreasonable.

In light of the foregoing, Williams's sentence is

**AFFIRMED.**