**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**December 18, 2007**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN CARLOS MIGUEL-
MIGUEL,

Defendant-Appellant.

No. 07-2015

(D. New Mexico)

(D.C. 2:06-CR-01745-001JH)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Juan Carlos Miguel-Miguel pleaded guilty to one count of unlawful reentry of a deported alien, a violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced him to forty-one months' imprisonment and two years' supervised

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See FED. R. APP. P. 34(f) and 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

release. In this appeal, Mr. Miguel-Miguel argues that his sentence is unreasonable. We disagree and therefore affirm his sentence.

## I. BACKGROUND

In May 2006, about twenty miles west of Columbus, New Mexico, a Border Patrol agent discovered Mr. Miguel-Miguel and other undocumented aliens attempting to conceal themselves in the brush. Mr. Miguel-Miguel had previously lived in the United States, but had been deported in May 2005, after having been convicted of aggravated robbery in the Circuit Court of Cook County, Illinois. Mr. Miguel-Miguel was seventeen when he committed the aggravated robbery, but he was sentenced as an adult for that offense.

The presentence report assigned a base offense level of 8 but added a 16-level enhancement under § 2L1.2(b)(1)(A) of the United States Sentencing Guidelines because the Illinois aggravated robbery conviction constituted a crime of violence. The presentence report also applied a three-level reduction in the offense level for acceptance of responsibility. See USSG § 3E1.1.

Mr. Miguel-Miguel's criminal history also included two misdemeanor convictions for criminal trespass to a vehicle and reckless conduct. Like the aggravated robbery conviction, the misdemeanors were committed when he was seventeen and resulted in adult sentences. Based on the aggravated robbery conviction, and the fact that the instant offense was committed when he was on

parole and less than two years after his release from custody, the presentence report assigned a criminal history score of III. The resulting Guideline range was 46 to 57 months.

At the sentencing hearing, Mr. Miguel-Miguel's counsel requested that the court reduce his criminal history category because it over-represented his criminal record. She also noted his young age when he committed the aggravated robbery and the difficult family circumstances that he had suffered: his father was killed when Mr. Miguel-Miguel was quite young, and his mother abandoned the family. In response, the prosecutor stated that he did not object to the reduction in the criminal history category. The district court granted Mr. Miguel-Miguel's request and reduced the criminal history score to II. The resulting Guideline range was 41 to 51 months.

The court sentenced him to the low end of that range. In explaining that decision, the court referred to "the defendant's family history, his own history and characteristics, as I'm required to do under [18 U.S.C. §] 3553 specifically, his father's death and his mother abandoning the defendant at a young age." Rec. vol. III, at 5-6. The court also noted that the Mr. Miguel-Miguel had reentered the United States after a felony conviction and subsequent deportation.

## II. DISCUSSION

On appeal, Mr. Miguel-Miguel argues that his forty-one month sentence is unreasonable because it is greater than necessary to advance the sentencing goals

set forth in 18 U.S.C. § 3553(a)(2): retribution, deterrence, incapacitation, and rehabilitation.  He characterizes his unlawful reentry conviction as "a crime without a victim," Aplt's Br. at 11, and as "a regulatory offense . . . involving conduct that is not inherently wrong."  Id. at 12.

We review a district court's sentencing determination for an abuse of discretion, asking whether the sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a);  United States v. Gall, __ S Ct. ___, 2007 WL 4292116, at *6 (2007) ("Our explanation of 'reasonableness' review in the Booker opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions.");  United States v. Garcia-Lara, 499 F.3d 1133, 1135  (10th Cir. 2007).  A sentence within the properly calculated Guidelines range is presumptively reasonable on appeal.  Id.

Under section 3553(a), the sentencing court must consider :

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D)  to provide the defendant with needed educational or vocational training, medical care,

> or other correctional treatment in the most effective manner;

> (3) the kinds of sentences available;

> (4) the kinds of sentence and the sentencing range established [by the Guidelines];

> (5) any pertinent policy statement [issued by the Sentencing Commission] . . . ;

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "[T]he sentencing factors in § 3553(a) delimit a district court's discretion." Garcia-Lara, 499 F.3d at 1137.

Section 3553(c) requires the court "at the time of sentencing . . . [to] state in open court the reasons for its imposition of the particular sentence." Nevertheless, "'when a judge decides simply to apply the Guidelines to a particular case, . . . doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence.'" United States v. Angel-Guzman, __F.3d__, 2007 WL 3146825, at *7 (10th Cir. Oct. 30, 2007) (quoting Rita v. United States, 127 S. Ct. 2456, 2468 (2007)). See also United States v. Lopez-Flores, 444 F.3d 1218, 1222 (10th Cir. 2006) ("When the defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the

Guidelines range" the court is not required "to explain on the record how the § 3553(a) factors justify the sentence.").

Here, upon review of the record, we are satisfied that the district court properly considered the § 3553 factors and imposed a reasonable sentence. In reducing his criminal history category from III to II, the court noted Mr. Miguel-Miguel's young age at the time of his aggravated robbery conviction as well as his difficult family circumstances. The court thus indicated that it was not bound by the Guidelines but could exercise its discretion to impose a sentence based upon all of the § 3553(a) factors and the evidence in the record.

Although Mr. Miguel-Miguel's appellate brief makes plausible arguments for a lesser sentence, they do not establish that the 41-month sentence is unreasonable. As the government observes, the information in the presentence report provides support for that sentence. The aggravated robbery was a serious offense, and Mr. Miguel-Miguel illegally reentered the United States less than two years after he was released from custody. Moreover, Mr. Miguel-Miguel had two other criminal convictions. Thus, the district court did not abuse its discretion in declining to reduce his sentence any further.

## III.  CONCLUSION

We therefore AFFIRM Mr. Miguel-Miguel's sentence.

Entered for the Court

Robert H. Henry
Circuit Judge