FILED
United States Court of Appeals
Tenth Circuit

October 25, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAVIER FRANCISCO MADRIGAL-
ESPINO, a/k/a Javier Torres-Espino,
a/k/a Juan Garcia,

    Defendant-Appellant.

No. 12-1300
(D.C. No. 1:11-CR-00489-RBJ-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **SEYMOUR**, and **BACHARACH**, Circuit
Judges.

---

Mr. Javier Francisco Madrigal-Espino pled guilty to illegal reentry of a

removed alien subsequent to an aggravated felony conviction.  He appeals his

sentence as procedurally unreasonable.  Finding no error, we AFFIRM.

Mr. Madrigal-Espino entered the United States in 1985.  His first state

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel.  Although the
court generally disfavors the citation of orders and judgments, it may be cited for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court conviction occurred in 1988 for driving without a license. Over the next twenty-three years he was convicted of numerous crimes in Washington and Colorado state courts, including: felony unlawful delivery of a controlled substance (cocaine); at least five drunk-driving offenses; obstructing a police officer; and misdemeanor driving without a license. In 2010, Mr. Madrigal-Espino pled guilty in Colorado state court to felony possession of a controlled substance (Pyrovalerone) and felony possession of marijuana with intent to distribute, and was subsequently removed to Mexico. In September 2011, Mr. Madrigal-Espino was apprehended in Denver, Colorado, and pled guilty, without the benefit of a plea agreement, to illegal reentry of a removed alien subsequent to an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(2). His pre-sentence report (PSR) calculated his total offense level at 17 and his criminal history category at VI, resulting in a guideline range of fifty-one to sixty-three months' imprisonment.

In response to the PSR, Mr. Madrigal-Espino filed a motion requesting a below-guideline sentence of eighteen months. The motion urged the district court to exercise its discretion and disregard the application of U.S.S.G. § 2L1.2, which increased his guidelines offense level by 12 because he had been deported following "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less . . . ." § 2L1.2(b)(1)(B). Mr. Madrigal-Espino argued that, unlike sentencing guidelines for most other offenses, § 2L1.2

-2-

is not based on empirical data. Furthermore, the motion asserted that because the Sentencing Commission has not explained how a prior conviction can rationally relate to the offense of reentering the country illegally, § 2L1.2 is an artificial aggravator inconsistent with the statutory mandate of 18 U.S.C. § 3553.

At the sentencing hearing, Mr. Madrigal-Espino reiterated this argument. The district court considered this contention and expressed some concern regarding the long length of sentences in many illegal reentry cases. Rec., vol. II at 12 ("I think some of these sentences in illegal-reentry cases are quite high."). Ultimately, however, the district court decided to apply the 12-level enhancement of § 2L1.2(b)(1)(B) due to the seriousness and extent of Mr. Madrigal-Espino's criminal history and in the interest of consistency in sentencing. *Id.* at 12, 47-54. The district court sentenced Mr. Madrigal-Espino to forty-six months' imprisonment and three years of supervised release.[1]

On appeal, Mr. Madrigal-Espino claims the district court committed a procedural error by failing to consider his argument for a lower sentence based on his policy objections to § 2L1.2(b)(1)(B). [2] Despite Mr. Madrigal-Espino's

_____

[1] The district court did vary slightly from the guideline sentencing range as calculated in the PSR, reducing Mr. Madrigal-Espino's offense level by 2 to reflect the reduction he would have received if he had been able to participate in the fast-track program. Neither party has challenged this variance.

[2] Mr. Madrigal-Espino also raises arguments based on *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013), and *Alleyne v. United States*, 133 S.Ct. 2151 (2013), in his pro se supplemental brief. These arguments are unavailing.

arguments to the contrary, our case law is clear: we review claims of procedural unreasonableness not raised at sentencing only for plain error. *United States v. Romero*, 491 F.3d 1173, 1176-77 (10th Cir. 2007). Although Mr. Madrigal-Espino argued at the sentencing hearing for a below-guidelines sentence, a *substantive* claim, he did not raise the *procedural* objection now before us. *See id.* at 1176 (raising substantive argument for below-guidelines sentence at sentencing hearing does not preserve a procedural claim on appeal). Contemporaneous objection to an alleged procedural error serves to "alert the district court and opposing counsel, so that a potential error can be corrected, obviating any need for an appeal." *United States v. Lopez-Flores*, 444 F.3d 1218, 1221 (10th Cir. 2006). As we explained in *Romero*, "the requirement of contemporaneous objection to procedural errors is consistent with our precedent and represents a reasonable burden on defendants . . . ." 491 F.3d at 1177.

"We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1178. Our review of the record makes clear the district court did not err under this or any standard of review. As described above, the district court considered Mr. Madrigal-Espino's arguments against the application of § 2L1.2(b)(1)(B) to his sentencing guidelines range but decided that, in this instance, application of the guideline was appropriate due to Mr. Madrigal-Espino's extensive criminal history and a

-4-

concern for consistency in sentencing.  Furthermore, before pronouncing Mr. Madrigal-Espino's sentence, the district court explicitly stated that it had considered his motion for a below-guideline sentence, Rec., vol. II at 47 ("Of course I have also considered the defendant's motion for a below-Guideline sentence."), and acknowledged that the guidelines are not mandatory.  *Id.* at 48.

The district court in this instance seems to have carefully considered Mr. Madrigal-Espino's argument but ultimately disagreed.  Because there was no procedural error, we AFFIRM.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge
