**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

BRADLEY RAYMOND SCHAD,

    Defendant - Appellee.

No. 15-6175

(D.C. No. 15-CR-163)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.[**]

Defendant Bradley Schad, an acknowledged drug addict, pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced him to 151 months in prison to be followed by a 3-year term of supervised release. Defendant began serving his term of supervised release in July 2013. In August 2015, the United States Probation Office (USPO) petitioned the district court to revoke Defendant's supervised release. The petition alleged Defendant had tested positive

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

for amphetamines on three separate occasions and marijuana on one occasion. The petition further alleged Defendant refused to participate in his substance abuse counseling program by missing two scheduled drug screens and submitting diluted urine samples on four other occasions.

At the revocation hearing, Defendant stipulated to the alleged violations. He agreed that his advisory revocation guideline range was 8 to 14 months' imprisonment and the available supervised release term was three years minus any term of imprisonment imposed upon revocation. Defendant asked the court to continue his supervision rather than send him back to prison. But the court was unmoved: "I'm very sympathetic with you being a drug addict, Mr. Schad, but . . . the Federal Government has sent you to in-patient treatment, to out-patient treatment, we've done about all we can do. Is that not true? . . . I think the government has done about all they can with you, Mr. Schad." The court sentenced Defendant to 8 months in prison to be followed by an 18-month term of supervised release. Defendant now appeals the district court's reimposition of a term of supervised release. Our jurisdiction arises under 28 U.S.C. § 1291. We summarily affirm.

On appeal, Defendant argues the district court's decision to reimpose a term of supervised release upon the revocation of his original term was *substantively* unreasonable because "[t]he imposition of additional supervised release is blatantly inconsistent with the court's pronouncement that further treatment would be pointless." In other words, Defendant essentially asserts that where a district court

2

has expressed frustration with a drug addict's court-ordered rehabilitative efforts while on supervised release, the law compels the court to wash its hands of that addict once his imprisonment for a supervised release violation concludes. Defendant's rationale is that any term of supervised release under such circumstances is too long and thus unreasonable.[1] Defendant's argument is meritless.

To be sure, one aim of supervised release is rehabilitation—"to provide the defendant with needed . . .treatment." 18 U.S.C. §§ 3553(a)(1)(D), 3583(c). But rehabilitation is only one of multiple factors a district court must consider in determining whether to impose a term of supervised release. Other aims of supervised release include "afford[ing] adequate deterrence to criminal conduct" and "protect[ing] the public from further crimes of the defendant." Id. §§ 3553(a)(1)(B) & (C), 3583(c). Both of these latter aims well justify the court's discretionary decision to impose a second term of supervised release on Defendant in this case. Morever, while Defendant serves his most recent terms of imprisonment and supervised release, maybe the light will come on and he will decide to undertake the footwork necessary for change. The Supreme Court's words in Johnson v. United States, 529 U.S. 694, 709–10 (2000), are apropos:

---

[1] Defendant did not assert in the district court, nor does he assert here, that his sentence is procedurally unreasonable. That is to say Defendant challenges only the length of his sentence, not the manner in which the court calculated his sentence. See United States v. Lopez-Flores, 444 F.3d 1218, 1220 (10th Cir. 2006) (explaining that a federal sentence consists of both a procedural and substantive component).

A violation of the terms of supervised release tends to confirm the judgment that help was necessary, and if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed.  He is the problem case among problem cases, and a Congress asserting that "every releasee who does need supervision will receive it," [S. Rep. No. 98-225, p.124 (1983)] seems very unlikely to have meant to compel courts to wash their hands of the worst cases at the end of reimprisonment.

The sentence of the district court is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge