**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NABOR MARTINEZ-VILLA,

Defendant-Appellant.

No. 06-3307
(D.Ct. No. 06-CR-10049-WEB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BARRETT** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellant Nabor Martinez-Villa pled guilty to one count of reentry of a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). He now appeals his sentence, contending it is unreasonable when viewed under the 18 U.S.C. § 3553(a) sentencing factors because of his medical problems and advanced age. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Martinez-Villa's conviction and sentence.

## I. Procedural Background

After Mr. Martinez-Villa pled guilty, the probation officer prepared a presentence report calculating Mr. Martinez-Villa's sentence under the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer set his base offense level at eight pursuant to U.S.S.G. § 2L1.2(a), increased his base level sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) due to a prior felony conviction for a drug trafficking offense, and reduced his offense level by three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of twenty-one. The presentence report also set Mr. Martinez-Villa's criminal history category at III, which, together with an offense level of twenty-one, resulted in a Guidelines sentencing range of forty-six to fifty-seven months imprisonment.

Mr. Martinez-Villa filed a formal written objection to the presentence report requesting a "departure" from the forty-six- to fifty-seven-month Guidelines range based on his advanced age and poor health. In support, Mr. Martinez-Villa pointed out he is sixty-seven years old and his health is deteriorating, given he: 1) suffers from diabetes which is not under control; 2) is blind in his right eye, has diminished vision in his left eye, and experiences tearing and sensitivity to light in both eyes; 3) suffers from severe headaches requiring him to lie down; 4) has a chronic, significant and uncontrollable cough which causes a choking sensation and may be related to tuberculosis; 5) previously had surgery for varicose veins; and 6) has very little mobility due to these combined health issues. He further claimed a forty-six- to fifty-seven-month sentence would be inappropriate because of: 1) his medical problems, which would prevent him from committing future crimes; 2) his unemployability; and 3) the mitigating circumstance under which he illegally returned to the United States, which involved repairing his home in Kansas after its burglary. While he acknowledged one factor alone might not warrant a below-Guidelines-range sentence, he suggested the combination of these factors did warrant a lesser sentence.

The government responded, explaining no compelling grounds for a downward departure existed, given Mr. Martinez-Villa's thirty-year history of

making the arduous trip back and forth between the United States and Mexico despite his claim of medical problems and that his alleged medical problems are common and do not take him outside the heartland of criminal defendants. The probation officer responded by pointing out that U.S.S.G. § 5H1.1 states age is not ordinarily relevant unless the defendant is infirm and home confinement might be equally efficient and less costly.[1] He also explained that, under U.S.S.G. § 5H1.4, physical condition is not ordinarily relevant for a departure unless an extraordinary physical impairment exists.[2] The probation officer then concluded he did not believe Mr. Martinez-Villa's described medical conditions or age rose to the level of an "extraordinary physical impairment," made him a "seriously infirm defendant," or would exclude him from the heartland of other cases. To illustrate his point, the probation officer noted Mr. Martinez-Villa's age and alleged medical impairments did not keep him from operating a motor vehicle when he was stopped in connection with the instant offense or otherwise

---

[1] Specifically, § 5H1.1 states, in part, "[a]ge (including youth) is not ordinarily relevant in determining whether a departure is warranted," but that "[a]ge may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration."

[2] Section 5H1.4 states, in part, "[p]hysical condition or appearance, including physique, is not ordinarily relevant in determining whether a departure may be warranted," except "an extraordinary physical impairment may be a reason to depart downward," such as "in the case of a seriously infirm defendant" where "home detention may be as efficient as, and less costly than, imprisonment."

prevent him from maintaining his mobility in the community of Liberal, Kansas, where his house is located.

At sentencing, Mr. Martinez-Villa renewed the same departure request and the district court judge responded by first expressly restating Mr. Martinez-Villa's arguments in support of such a request, noting his claims of poor health, including his allegations of diabetes; blindness in the right eye; difficulty seeing with the left eye; light sensitivity; bad headaches; chronic cough; and a lack of mobility, causing him not to be a re-offend threat. The district court then orally recited the policy statements in U.S.S.G. § 5H1.1 and § 5H1.4 and found Mr. Martinez-Villa's medical conditions did not rise to the level of "extraordinary" for the purpose of granting a departure. The district court also determined Mr. Martinez-Villa's claim of limited mobility was incredible and inconsistent because he recently operated a motor vehicle and was able to return to the United States after his deportation two years ago.

After Mr. Martinez-Villa stated he had no other objections to the presentence report, the district court applied the relevant Guidelines range of forty-six to fifty-seven months and sentenced Mr. Martinez-Villa to forty-six months imprisonment followed by two years supervised release. In so doing, it stated it considered the factors set forth in 18 U.S.C. § 3553(a) and the advisory

Guidelines range and that a sentence at the low end of that range would serve the purpose of incapacitating and punishing Mr. Martinez-Villa for a period of time, and the supervised release would allow his reintegration into the community as well as a deterrence from subsequent criminal behavior if he is ever lawfully released in the United States.

## II. Discussion

On appeal, Mr. Martinez-Villa argues the district court's refusal to depart downward below the applicable Guidelines range due to his combined serious medical problems and advanced age was "unreasonable" under the sentencing factors set forth in 18 U.S.C. § 3553(a). While Mr. Martinez-Villa acknowledges the Guidelines range was correctly calculated, he contends the 18 U.S.C. § 3553(a) factors warrant a below-Guidelines sentence and that the forty-six-month sentence is unreasonable. In support, Mr. Martinez-Villa outlines the various medical ailments previously raised and addressed by the district court, and contends it did not consider them "in combination with each other, but rather, independently from each other." In addition, he suggests the district court erroneously failed to consider his age as a factor, given it did not explicitly mention his age in its decision. Finally, Mr. Martinez-Villa does not reference either U.S.S.G. § 5H1.1 or § 5H1.4, which he previously raised in support of his request for a downward departure.

The government opposes the appeal. It points out Mr. Martinez-Villa's medical problems are undocumented and the district court found his immobility claims incredible, given the uncontested facts he was able to drive a car and could travel from Mexico to the United States, which the record shows he did for the purpose of making repairs to his house. As to the age issue, the government points out the district court judge sentencing Mr. Martinez-Villa was ninety-nine years old, or thirty-two years older than Mr. Martinez-Villa, which implies he considered Mr. Martinez-Villa's age and alleged infirmity.

We begin our discussion by clarifying that a sentence above or below the recommended Guidelines range based on an application of Chapters Four or Five of the Guidelines is referred to as a "departure," while a sentence above or below the recommended Guidelines range through application of the sentencing factors in 18 U.S.C. § 3553(a)[3] is called a "variance." *United States v. Atencio*, 476 F.3d

---

[3] 18 U.S.C. § 3553(a) provides, in part, the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional

(continued...)

1099, 1101 n.1 (10th Cir. 2007) (en banc request denied). Thus, on appeal, it is evident Mr. Martinez-Villa is now claiming his sentence is unreasonable under the § 3553(a) factors and a variance should be applied for a below-Guidelines-range sentence. He bases his claim on the same health and age issues he previously raised to support his downward departure under U.S.S.G. §§ 5H1.1 and 5H1.4. While Mr. Martinez-Villa did not previously frame his objections expressly in the context of a variance under § 3553(a), we do not require a defendant to make such an objection in order to preserve a claim his sentence is unreasonably long under those factors. *See United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006), *petition for cert. filed* (Nov. 22, 2006) (No. 06-7990). Instead, we review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See id.*

We have determined a presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range. *See United States v. Kristl*, 437 F.3d 1050, 1053-54 (10th Cir. 2006) (*per curiam*). We require reasonableness in two respects – "the length of the sentence, as well

---

[3](...continued)
        treatment in the most effective manner;
(3) the kinds of sentences available; ...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

as the method by which the sentence was calculated," the latter of which Mr. Martinez-Villa does not contest. *Id.* at 1055 (emphasis omitted). If the district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable," but "[t]he defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.* In determining whether the district court properly considered the applicable Guidelines range, we review its legal conclusions de novo and its factual findings for clear error. *Id.* at 1054.

We have held "[t]here is no question that, in addition to guiding our reasonableness review on appeal, the sentencing factors set forth in 18 U.S.C. § 3553(a) must be considered by the district court itself when imposing a sentence." *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1115 (10th Cir. 2006). Where, as here, the district court allows a defendant to make an argument that any of these factors warrant a below-Guidelines-range sentence and then imposes a sentence at the low end of the Guidelines range, we have said this "may fairly be read as a functional rejection of [his] arguments and a denial of his request for a below-Guidelines sentence." *Id.* When addressing a district court's consideration of the § 3553(a) factors, "[w]e do not require a ritualistic incantation to establish consideration of a legal issue, nor do we demand that the

district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *United States v. Lopez-Flores*, 444 F.3d 1218, 1222 (10th Cir. 2006) (quotation marks and citation omitted), *petition for cert. filed* (Jul. 7, 2006) (No. 06-5217). While "we will not demand that the district court recite any magic words" to support its conclusions, neither will we "presume the district court weighed a party's arguments in light of the § 3553(a) factors where the record provides no indication that it did so and no clear explanation of the sentence imposed." *Sanchez-Juarez*, 446 F.3d at 1115-16 (quotation marks and citations omitted).

> [W]here a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.

*Id.* at 1117 (quotation marks, alterations and citation omitted). However, "[w]hen the defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the Guidelines range, our post-*Booker* precedents do not require the court to explain on the record how the § 3553(a) factors justify the sentence." *Lopez-Flores*, 444 F.3d at 1222.

With these principles in mind, we note the district court in this case

explicitly considered the factors in § 3553(a) and did so in conjunction with the mitigating age and health circumstances described by Mr. Martinez-Villa. Thus, the record provides a clear "indication" it considered the requisite factors, together with Mr. Martinez-Villa's health and age arguments, for a below-Guidelines-range sentence. *See Sanchez-Juarez*, 446 F.3d at 1115-16. In addition, when the district court imposed a sentence at the low end of the Guidelines range, it was "a functional rejection of [his] arguments," including his advanced age and poor health, and therefore, it constituted a "denial of his request for a below-Guidelines sentence." *Id.* at 1115. Moreover, as previously stated, "[w]hen the defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the Guidelines range, our post-*Booker* precedents do not require the court to explain on the record how the § 3553(a) factors justify the sentence." *Lopez-Flores*, 444 F.3d at 1222. Finally, because the district court properly considered the relevant Guidelines range and sentenced Mr. Martinez-Villa within that range, his sentence is presumptively reasonable and he clearly has not rebutted this presumption by demonstrating the sentence is unreasonable in light of the sentencing factors in § 3553(a). *See Kristl*, 437 F.3d at 1055. In other words, he has not shown his age and health, when viewed in light of the § 3553(a) factors, are sufficiently compelling to transform his presumptively reasonable sentence into an unreasonable one.

### III. Conclusion

For these reasons, we **AFFIRM** Mr. Martinez-Villa's conviction and sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge