**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL HUFF,

Defendant-Appellant.

No. 06-8122

District of Wyoming

(D.C. No. 06-CR-60-D)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Defendant-Appellant Michael Huff pleaded guilty to online enticement of a child in violation of 18 U.S.C. § 2422(b). The district court sentenced him to 210 months imprisonment and ten years of supervised release. Mr. Huff challenges the reasonableness and constitutionality of his sentence. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm the district court's sentencing order.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

On March 11, 2006, Michael Huff logged into Yahoo! networks using the online screen name "knucklestheklown." Mr. Huff encountered "wranglergirl82009" in a local Wyoming chat room and requested a private chat with her. Wranglergirl82009 claimed to be a 13-year-old girl. In fact, the screen name belonged to Special Agent Flint Waters of the Wyoming Internet Crimes Against Children Task Force ("ICAC"). During their two-and-a-half hour online chat, Mr. Huff asked wranglergirl82009 if she was really thirteen years old, and Agent Waters replied in the affirmative. Mr. Huff allowed Agent Waters to view a live image of his face during the chat via a webcam. Mr. Huff eventually asked wranglergirl82009 whether she was sexually experienced and if she would like to engage in oral sex. Additionally, Mr. Huff told wranglergirl82009 that he wanted to take sexually explicit photographs of her. At the conclusion of their chat, wranglergirl82009 agreed to meet Mr. Huff in approximately twenty minutes at a local business complex, which, unbeknownst to Mr. Huff, housed the ICAC offices.

True to his word, Mr. Huff appeared at the prescribed location twenty minutes later. Mr. Huff was arrested by Agent Waters and other ICAC agents, who recognized him from the webcam images. Mr. Huff waived his *Miranda* rights and made a statement to Agent Waters. He admitted that he chatted online

with a thirteen-year-old girl and asked to engage in oral sex with her. He also admitted wanting to take photographs of her genitalia.

On March 20, 2006, Mr. Huff was indicted on two counts: online enticement of a child and attempted child exploitation, in violation of 18 U.S.C. § 2422(b) and 18 U.S.C. § 2251(a), (e) respectively. Mr. Huff initially pleaded not guilty, but later pleaded guilty to online enticement after reaching a plea agreement with the government. In return, the government agreed to dismiss the child exploitation count. On August 29, 2006, Mr. Huff pleaded guilty and the district court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR").

The PSR calculated an advisory sentence using the November 2005 edition of the U. S. Sentencing Commission Guidelines Manual. Sentences of violations of 18 U.S.C. § 2422(b) are normally calculated using § 2G1.3, which has a base offense level of 24. The Probation Office concluded, however, that the cross reference to § 2G2.1 applied because the crime "involved the offering of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." R. Vol. V, at 5. Under that guideline, the base offence level is 32. The base level was increased by four because Mr. Huff's intended victim had not attained the age of sixteen, U.S.S.G. § 2G2.1(b)(1)(B) (two-level enhancement), and because a computer was used in the offense, § 2G2.1(b)(6)(B) (two-level enhancement). The Probation Office then deducted

three offense levels for acceptance of responsibility under § 3E1.1, yielding a total offense level of 33. Mr. Huff's criminal history score was reckoned at 18 points, placing him in Criminal History Category VI, and resulting in a sentencing range of 235 to 293 months.

In October 2006, Mr. Huff filed several objections to the PSR. Among other objections, Mr. Huff: (1) claimed that the cross reference to § 2G2.1 was inappropriate because it relied on facts not admitted during his guilty plea, in violation of his Fifth and Sixth Amendment rights; (2) asserted that his criminal history score was overestimated by counting prior offenses as separate instead of related, as required by U.S.S.G. § 4A1.2(a); and (3) disagreed with the Probation Officer's conclusion that there were no grounds to justify a downward departure. In particular, Mr. Huff asserted that a downward departure was warranted due to his poor emotional and physical condition and the fact that none of his prior crimes were violent or exploitive of children. The Probation Office responded by amending the PSR to correct some factual details but concluded the advisory sentence was correct.

The district court held a sentencing hearing on November 21, 2006. The court agreed with Mr. Huff's proposed adjustments to his criminal history score. Adopting Mr. Huff's orally-argued interpretation of § 4A1.2(k), the court held that Mr. Huff's revocation of probation should only add criminal history points equal to the highest sentence for which he was on probation. Moreover, the court

held that three theft convictions were related and should not be counted separately per § 4A1.2(a). The court thus calculated Mr. Huff's criminal history to place him in Criminal History Category V, with a Guidelines range of 210–262 months.

The district court adopted the PSR's other recommended factual findings and declined to sentence Mr. Huff below the advisory Guidelines range. The court agreed that Mr. Huff was physically disabled and recommended he be sent to facilities suited to treat him, but it did not find this to be a sufficient reason for granting either a departure or a variance. The court sentenced Mr. Huff to 210 months imprisonment, the low end of the applicable Guidelines range, and further ordered him to serve a ten-year term of supervised release. The court "strongly recommend[ed]" that the U.S. Bureau of Prisons place Mr. Huff in a facility equipped to diagnose and treat his disabilities. R. Vol. IV, at 42–43. The district court answered Mr. Huff's objection to the cross reference to § 2G2.1 by holding that it could make sentence-enhancing determinations per *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005).

Following imposition of his sentence, Mr. Huff filed this timely appeal. He argues that the district court unreasonably failed to apply the 18 U.S.C. § 3553(a) sentencing factors and that the cross reference to U.S.S.G. § 2G2.2 violated his Fifth and Sixth Amendment rights.

## II. DISCUSSION

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), we must review district court sentencing determinations for "reasonableness." *See United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). Reviewing a sentence for reasonableness is a two-step procedure: first, we determine whether the sentence is procedurally reasonable; if it is, we determine whether the sentence is substantively reasonable. *See United States v. Kristl*, 437 F.3d 1050, 1053–55 (10th Cir. 2006). If we conclude that the sentence is procedurally reasonable, then it is "considered presumptively reasonable from a substantive perspective." *United States v. McCullough*, 457 F.3d 1150, 1171 (10th Cir. 2006) (citing *Kristl*, 437 F.3d at 1054–55). In reviewing a sentence for substantive reasonableness, we ask whether the defendant has demonstrated that the sentence is unreasonable in light of the sentencing factors identified in 18 U.S.C. § 3553(a). The district court must consider motions to vary a sentence and "must state reasons for its rejection of a party's nonfrivolous motion." *United States v. Sanchez-Juarez* 446 F.3d 1109, 1117 (10th Cir. 2006).

Anticipating what he hoped would be the Supreme Court's holding in *Rita v. United States*, ___ U.S. ____, 127 S.Ct. 2456 (2007), which was pending when he filed his brief, Mr. Huff argues in his reply brief that this Court's rebuttable presumption of reasonableness is unconstitutional under *Booker*. Although this Court "does not ordinarily review issues raised for the first time in a reply brief,"

*Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000), we note that this argument did not prevail in *Rita*, which explicitly upheld the appellate presumption of reasonableness for properly calculated within-Guidelines sentences. *See Rita*, 127 S.Ct. at 2462 (citing *Kristl*, 437 F.3d at 1053–1054, and holding that a court of appeals may apply a presumption of reasonableness to sentences falling within properly calculated Guidelines ranges).

**A. Reasonableness of the sentence**

**1. Procedural reasonableness**

Mr. Huff first objects that the district court failed to grant a departure based on his physical and mental impairments, but we perceive no reversible error. Diminished mental capacity may not be grounds for departure for Mr. Huff because he pleaded guilty to § 2422(b) under chapter 117, title 18 of the U.S. Code. *See* U.S.S.G. § 5K2.13 (precluding chapter 117 from departure). Physical condition is not ordinarily relevant for a departure unless an "extraordinary" impairment exists. U.S.S.G. § 5H1.4. Moreover, denied departures may not be reviewed unless the district court incorrectly interpreted the Guidelines as depriving it of the authority to depart. *See United States v. Chavez-Diaz*, 444 F.3d 1223, 1228 (10th Cir. 2006). Mr. Huff makes no such argument and does not explain how his impairments could be extraordinary under § 5H1.4. *Cf. United States v. Martinez-Villa*, 221 Fed.Appx. 751, 754-55 (10th Cir. 2007)

(unpublished) (sentence for man with tuberculosis and age infirmities reviewed under § 3553(a) factors because departure argument not developed on appeal).

Mr. Huff next argues that the district court failed to give genuine consideration to the possibility of a variance based on the § 3553(a) factors. He claims that the district court merely "facially recognized its ability to provide . . . a variance." Appellant's Opening Br. 11. The record contradicts this contention. The court addressed Mr. Huff's several arguments for a variance and emphasized that the sentence accorded with its discretionary application of the § 3553(a) factors. Addressing Mr. Huff's medical incapacity, the court described his infirmities and requested several times that the Bureau of Prisons place him in a facility equipped to treat him. The court stated that "extraordinary physical impairment may be a reason for downward departure," but concluded that there was not, "anything so extraordinary in this instance that would justify a departure." R. Vol. IV, at 25.[1]

Furthermore, the district court extensively contemplated § 3553(a)'s concerns for retribution and deterrence. Stressing the seriousness of Mr. Huff's crime, the district court stated: "There are little girls being sexually abused in this

[1]In this Circuit's nomenclature, a "departure" is a sentence below or above the advisory Guidelines range based on Chapters Four or Five of the Guidelines themselves. *See United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007). A "variance" occurs when a court uses the § 3553(a) factors to grant a sentence either above or below the advisory Guidelines range. *Id.* Although the district court employed the term "departure," the context makes clear that it was speaking of variances as well as departures. *See* R. Vol. IV, at 25 (refusing to "invoke its authority separately under 3553(a)").

state and around this country . . . every day. And the consequences of those crimes are profound." R. Vol. IV, at 33. After recounting Mr. Huff's criminal history, which included six felonies, the court remarked that the sentence is "harsh" but that it "cannot be said that the sentence I am imposing on you is an excessive sentence." *Id*. The district court concluded that Mr. Huff's sentence "is the most reasonable sentence upon consideration of all factors enumerated in 18 United States Code 3553." *Id.* at 46. This explanation was legally sufficient. *See Rita,* 127 S.Ct. at 2468–69 (holding that the sentencing court's explanation need not be extensive, especially where the asserted basis for a variance is not conceptually complex).

## 2. Substantive reasonableness

In support of his substantive unreasonableness argument, Mr. Huff proposes four grounds for a variance: "his lack of history for violent crimes, sexual crimes, and/or crimes against children"; "lack of consistency and fairness in comparison to more heinous conduct related to other offenders against children"; the "effect of mental disorder on commission of [the] offense"; and his "injury and impairment." Appellant's Opening Br. 9. We have carefully considered each of these arguments in light of the district court's explanations for the sentence, and we conclude that they do not rebut the reasonableness of Mr. Huff's sentence.

Mr. Huff's non-violent criminal history does not necessarily remove him from the heartland of circumstances targeted by the Guidelines. Congress requires that sentences "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Past criminality is correlated to the likelihood of future criminality, and the statute does not exempt nonviolent criminal history. It is reasonable to take prior nonviolent criminality into account in determining a proper sentence, even if these prior crimes do not resemble the current offense. As the sentencing judge indicated, previous convictions have not deterred Mr. Huff from criminal activity. *See* R. Vol. IV, at 32 ("[Y]our life has been one long adventure in criminal conduct."); *id.* at 32 ("[H]ad you not had this life of criminal conduct, the sentence that would be imposed upon you now would be many years less.").

Mr. Huff argues that a comparison of his sentence to sentences for more "heinous conduct . . . against children," suggests that his sentence is unfair and excessive. But, as Mr. Huff recognized in his sentencing memorandum, Congress and the Sentencing Commission have determined that sexual conduct with a child is particularly heinous, and have set the sentencing range accordingly. *See* R. Vol. II, Doc. 30, at 9–10 ("[I]t is acknowledged that the laws by which Mr. Huff's conduct are being judged are more substantial to try to hinder and prevent the production of pornographic materials and protect children . . . ."). It is not unreasonable for the district court to sentence in accordance with that policy.

Moreover, Mr. Huff fails to express more than blanket generalizations in making this argument. His citation before the district court to "several individuals . . . [who] faced much less [sic] sentences" for sex crimes against children, R. Vol. IV, at 21, failed to take note of the different criminal histories and factual circumstances that might account for the different sentences.

Mr. Huff's last two grounds—arguing for leniency based on his physical and mental impairment—do not show that his sentence is unreasonable. The sentence reflects a proper concern for the recidivism and rehabilitation factors of § 3553(a). Mr. Huff's disabilities cannot prove that "he does not present a substantial danger to the community." Appellant's Opening Br. 11. After all, these disabilities did not prevent Mr. Huff from soliciting sex from a child, which requires little physical strength. The sentence—with the district court's recommendation for special treatment—furthermore seeks to "provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(D). The district court therefore committed no substantive error by declining to grant a variance.

**B. Constitutionality of applying the Guidelines cross-reference**

Mr. Huff argues that the district court violated his constitutional rights by applying the Guidelines cross-reference based upon evidence that he intended to take sexually explicit photographs of wranglergirl82009. Mr. Huff refused to admit these facts during the change of plea hearing, R. Vol. III, at 29, and he

argues that the use of judicially-found aggravating conditions is unconstitutional under *Cunningham v. California*, 127 S.Ct. 856 (2007).

Under the remedial decision in *Booker*, 543 U.S. at 249–50, and the approach reaffirmed in *Rita*, 127 S.Ct. at 2465–66, however, it is permissible under the Sixth Amendment for district courts to sentence within the statutory range based on judge-found facts, so long as those facts do not legally compel a sentence higher than what would be justified on the basis of facts found by the jury or admitted by the defendant. Because the Sentencing Guidelines are no longer mandatory, as the district court recognized, Mr. Huff's constitutional argument is unavailing. *See United States v. Dalton*, 409 F.3d 1247, 1252 (10th Cir. 2005) ("[judicial] fact-finding is unconstitutional only when it operates to increase a defendant's sentence mandatorily.").

### III. CONCLUSION

The judgment of the United States District Court for the District of Wyoming is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge