**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TONY ACOSTA,

Defendant-Appellant.

No. 09-6134
(D.C. No. 5:03-CR-00225-D-1)
(W. Dist. Okla.)

---

## ORDER AND JUDGMENT*

---

Before **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

---

Mr. Acosta pled guilty to possessing a firearm with an obliterated serial

number in violation of 18 U.S.C. § 922(g)(k), and received a sentence of forty-

one months' imprisonment followed by a three-year term of supervised release.

He began to serve his period of supervised release on August 13, 2008. On April

21, 2009, he was arrested for robbery, kidnaping, and possessing drugs with intent

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

to distribute. The probation office filed a petition to revoke Mr. Acosta's supervised release, citing the April 21, 2009 arrest as well as other violations of the terms of supervised release. After a hearing, the district court imposed a sentence of eighteen months' imprisonment, followed by eighteen months' supervised release. This appeal followed. We affirm.

The probation office's revocation petition reported violations of the following conditions of supervision:

> 1. The defendant shall not commit another federal state or local crime; . . .
> 2. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; . . .
> 3. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer; . . .
> 4. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; . . .
> 5. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer . . . .

*Id*. at 9-11. Mr. Acosta stipulated to violations of (4) and (5), but not (1), (2), and (3).

In support of the remaining alleged violations, the Government examined the officer involved in the arrest and the probation officer who supervised Mr. Acosta. Mr. Acosta, in turn, called his mother as a witness. She testified that Mr.

Acosta had a drug problem for which he had never received treatment. Mr. Acosta asked the court for assistance with his drug problem, stating that "[t]he only reason I – I do these crimes, run from police, is because I'm on drugs. . . . But if I'm sober, I'm a good person, you know. I have never hurt nobody or nothing like that unless I'm in possession of things, you know." Rec. vol. III, at 56.

The United States agreed that Mr. Acosta needed drug treatment. It opposed inpatient drug treatment, however, contending Mr. Acosta's criminal history and the need to protect the public supported relegating Mr. Acosta to a prison facility where he could receive such treatment in a custodial setting.

At the close of the evidence, the district court held that Mr. Acosta violated the terms of his supervised release and imposed a sentence of eighteen months' incarceration. The court made clear that the "defendant [was to] receive drug and alcohol counseling and treatment as available during his stay in the Oklahoma Halfway House." *Id*. at 60. The court continued:

> [T]he sentence imposed today reflects both the concerns of the government with respect to safeguarding the community, but also reflects the concerns that the Court has to make sure that you get adequate, sufficient treatment to help you overcome this problem that you have with drug use.

*Id*. at 61. At that time, Mr. Acosta lodged no objection to the sentence, the district court's calculation of the sentence, or its justification for the sentence.

On appeal, Mr. Acosta challenges the reasonableness of his sentence,

arguing (1) "[t]he district court did not give sufficient reasons for disregarding the request for inpatient drug treatment"; and (2) "[w]hen viewed in the context of his lack of prior substance abuse treatment and his request for inpatient drug treatment, the violations are not of sufficient magnitude to warrant such a harsh sentence." Aplt. Br. at 7. A defendant challenging his sentence bears the burden of establishing that it is unreasonable. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009); *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Where, as here, a defendant does not contemporaneously object to the sentencing procedure used, we review only for plain error. *United States v. Romero*, 491 F.3d 1173, 1176 (10th Cir. 2007) ("[B]ecause the defendant-appellant did not object to the district court's lack of explanation after it announced his sentence, 'plain-error review is appropriate.'") (citing *United States v. Lopez-Flores*, 444 F.3d 1218, 1221 (10th Cir. 2006)). The plain error test requires Mr. Acosta to demonstrate the district court (1) committed error, (2) that is plain, and (3) that affects his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). If Mr. Acosta meets his burden of establishing the first three prongs of the plain error test, we may exercise discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Contreras-Martinez*, 409 F.3d at 1236, 1239 (10th Cir. 2005). Here, however, we need not examine the second, third, or fourth prongs of the plain error test because the district court committed no error.

Mr. Acosta asserts that the court erred by placing undue weight on the nature and circumstances of his case, namely, Mr. Acosta's criminal "history and characteristics and the need to protect the public," Aplt. Br. at 11, in violation of 18 U.S.C. § 3583(e). Yet, a review of the sentencing transcript reveals not only the district court's consideration of the § 3553 factors, *see* rec. vol. III, at 59, but a thoughtful evaluation of competing concerns – Mr. Acosta's need for drug treatment and the government's interest in safeguarding the community by confining him. *Id*. at 61. Finding no error, we affirm the procedural reasonableness of Mr. Acosta's sentence.

Mr. Acosta also challenges the "harsh[ness]" of his sentence, contending that the absence of prior opportunities for receipt of drug treatment and his request for inpatient drug treatment weigh against "such a harsh sentence." Aplt. Br. at 7. This substantive reasonableness challenge to the length of his sentence is subject to a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007).

At the outset, we note that Mr. Acosta's sentence of eighteen months is below the applicable guideline range because of the statutory maximum applicable to the revocation of his supervised release.[1] The district court chose to

---

[1]Under U.S.S.G. § 7B1.4 (Term of Imprisonment (Policy Statement)), Mr. Acosta's grade of violation (A) and criminal history category (VI) subjected him to a sentencing guideline range of 33-41 months. Mr. Acosta does not challenge the district court's determination that the statutory maximum sentence for the

sentence him lower than the statutory maximum. We are not persuaded that the district court abused its discretion in determining that Mr. Acosta's lack of prior drug treatment was sufficient to warrant a lower sentence or a placement in an outpatient facility. Accordingly, we conclude that Mr. Acosta has failed to satisfy his burden to demonstrate that his sentence was substantively unreasonable.

We **AFFIRM** Mr. Acosta's sentence.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

offense was 24 months. *See* Aplt. Br. at 6. Mr. Acosta received a sentence of 18 months.