FILED
United States Court of Appeals
Tenth Circuit

November 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARNELL RICHMOND,

Defendant-Appellant.

No. 10-3016
(D.C. No. 2:09-CR-20069-KHV-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA, ANDERSON,** and **KELLY**, Circuit Judges.

Darnell Richmond appeals his 151-month sentence for bank robbery. We

have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

In 2009, while on parole from an assault conviction, Richmond entered a

bank in Kansas City, Kansas, handed a teller a note that read, "I have a bomb,"

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and demanded money. R., Vol. III, at 6. The teller gave Richmond $2,157, and he fled the bank, pursued by an off-duty police officer. Richmond attempted to enter a vehicle being driven by a bystander, but the doors were locked. Shortly thereafter, the police officer apprehended him.

Richmond pleaded guilty, without a plea agreement, to one count of bank robbery, a violation of 18 U.S.C. § 2113(a). The U.S. Probation Office prepared a presentence investigation report, noting that Richmond, who was forty-eight years old, had a lengthy criminal history, which included two prior convictions for crimes of violence (both involving robbery). He thus qualified as a career offender under U.S.S.G. § 4B1.1, subject to an offense level of 32 and a criminal-history category of VI. But since he accepted responsibility for his crime, his offense level was reduced by three points, to 29. The resulting sentencing guidelines range was 151 to 188 months.

At sentencing, Richmond sought a variance from the career-offender sentencing range. He argued that a variance was warranted because (1) his oldest crime of violence occurred twenty-three years before the instant bank robbery; (2) a non-career-offender sentence would nevertheless keep him incarcerated into his fifties—an age with reduced recidivism rates; (3) he had a long history of using cocaine to medicate depression; and (4) the instant bank robbery was an impulsive response to being robbed of cocaine and money the prior evening. The prosecutor opposed a variance, noting that Richmond's involvement in robbery,

burglary, assault, firearms possession, trespassing, and drug-possession crimes had spanned most of his adult life. Ultimately, the district court rejected Richmond's arguments for a variance, and imposed a sentence at the bottom of the applicable career-offender range, 151 months. The court explained:

> I . . . have a hard time applying [a variance] to the facts of this particular case. And it's basically, Mr. Richmond, because you have such a violent and extended criminal history and the fact that you'd only been released from prison a few months when you committed this offense[.] I know that your addiction to cocaine base or crack has apparently been part of this, but the fact that that's gone on for some 20 years, suggests to me that we need to tip the balance in favor of a longer sentence to protect the public from further crimes by you and to give you necessary treatment, training, and other therapeutic types of services . . . .
> . . . I think [a 151-month sentence] is lengthy enough to promote respect for the law, to reflect the seriousness of your crime, and to provide just punishment. Hopefully, it will deter you and others from committing crimes like this in the future, but also with a heavy emphasis on protecting the public from further crimes by you.

R., Vol. II, at 60-61.

Richmond objected to the sentence on the ground that mental-health counseling and drug-abuse treatment could be accomplished with a shorter sentence. The district court agreed, but stated it was placing a "heavy emphasis [on] protecting the public from further crime by [Richmond] because at this point . . . it's pretty much a rol[l] of the dice whether he's going to deal with his drug problem." *Id.* at 64.

Richmond now appeals his sentence.

## DISCUSSION

We review a sentence for reasonableness, applying an "abuse-of-discretion standard of review." *Gall v. United States*, 552 U.S. 38, 46 (2007). Reasonableness review has both procedural and substantive components. *United States v. Martinez*, 610 F.3d 1216, 1223 (10th Cir. 2010), *cert. denied*, 79 U.S.L.W. 3270 (U.S. Nov. 1, 2010) (No. 10-6271). "Review for procedural reasonableness focuses on whether the district court committed any error in calculating or explaining the sentence." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009). "Review for substantive reasonableness focuses on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (quotation omitted).

Richmond first makes the procedural argument that the district court failed to "adequately consider the [18 U.S.C. § 3553(a)] sentencing factors." Aplt. Br. at 6. But he neither raised this argument below, nor addresses on appeal the stringent requirements necessary for relief under the resulting plain-error standard. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007) (noting that forfeited error is subject to plain-error review, which requires "(i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of

-4-

judicial proceedings"). Consequently, we need not consider the argument at all. *See United States v. Romero*, 491 F.3d 1173, 1179 (10th Cir. 2007).

In any event, the record clearly shows that there was no error, let alone plain error, as the district court sufficiently considered the § 3553(a) factors in sentencing Richmond. Specifically, the court discussed Richmond's history, noting his extensive criminality and drug use, and addressed the multiple needs served by the sentence imposed. *See* 18 U.S.C. § 3553(a)(1) & (2). Nothing requires the district court to engage in "a ritualistic incantation" or recite any "magic words" to demonstrate it has "fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *United States v. Lopez-Flores*, 444 F.3d 1218, 1222 (10th Cir. 2006) (quotation omitted). "Rather, it is enough if the district court considers § 3553(a) en masse and states its reasons for imposing a given sentence." *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004).

Richmond next complains that "the District Court failed to address the demonstrated correlation between age and the risk of recidivism." Aplt. Br. at 10-11. Although Richmond claims this is a substantive argument, it is in fact procedural. *See United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009) (noting that procedural reasonableness is implicated if the district court failed to adequately consider the § 3553(a) factors or explain the chosen sentence). This argument too was not raised in the district court, and is not accompanied on

appeal by a plain-error discussion. Nevertheless, the district court's repeated comments that a career-offender sentence was necessary to protect the public from Richmond indicate that it considered and rejected his risk-of-recidivism argument.

To the extent Richmond intended on appeal to advance a true substantive challenge to the length of his sentence on the basis of recidivism statistics, we conclude that the district court properly declined to vary from the career-offender range. Richmond's lengthy criminal history and the serious circumstances of the instant offense suggest that recidivism statistics are an unreliable predictor of Richmond's actual likelihood of re-offending and harming the public.

Finally, Richmond makes the substantive argument that the district court "overemphasized the need to protect the public . . . at the expense of the other legitimate statutory factors." Aplt. Br. at 10. But we may not examine either "the weight a district court assigns to various § 3553(a) factors," or "its ultimate assessment of the balance between" the factors. *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). Rather, "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the [sentence imposed]." *Id.* (quotation omitted). Further, a sentence imposed within the properly calculated advisory range, like Richmond's, is entitled to a rebuttable presumption of reasonableness. *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1114 (10th Cir. 2006). Again, given Richmond's lengthy criminal history, as well

as the circumstances of the instant crime, we conclude that the district court's emphasis on protecting the public does not render the 151-month sentence substantively unreasonable.

## CONCLUSION

The judgment of the district court is AFFIRMED.[1]

Entered for the Court

Deanell R. Tacha
Circuit Judge

---

[1] Richmond has filed a letter seeking permission to file a pro se supplemental appellate brief. But he has been represented by counsel throughout this appeal. Consequently, we "invok[e] our policy of addressing on direct appeal only those issues raised by counsel," and we do not address the issues raised in Richmond's proffered pro se brief. *United States v. McDermott*, 64 F.3d 1448, 1450 n.1 (10th Cir. 1995). Accordingly, Richmond's request to file a pro se supplemental brief is denied.